Appeal from a summary judgment entered in favor of the defendant, Southern Roof Deck Applicators, Inc. We affirm
This action began as a bill for a declaratory judgment brought by the plaintiffs as trustees of the Fultondale First Baptist Church against Southern Roof Deck Applicators, Inc., Neil Bruce d/b/a Neil Bruce Associates (the architect), and two fictitious parties. The bill sought a declaration of the respective rights of the parties under a contract for the construction of a new roof for the church building. The bill was later amended as a demand for damages from the defendants allegedly due because of their negligence. A later amendment to the complaint alleged the following:
 2. Plaintiffs aver that they entered into a contract under date of December 22, 1977, with defendant Southern Roof Deck Applicators, Inc., wherein said defendant agreed to construct a new roof on an existing building owned by plaintiffs; that as a part of said contract, defendants agreed to indemnify and hold harmless the owner and the architect and their agents and employees from and against all claims, damages, losses and expenses including attorneys' fees arising out of or resulting from the performance of the work under contract; that defendants negligently performed said work under said contract in such a negligent manner so as to cause losses, damages, expenses, loss of use of the building or structure on which said work was performed by defendant, Southern Roof Deck Applicators, Inc., plus the additional expense of litigation, including a reasonable attorney's fee therein, all to the damage of the plaintiffs as a proximate consequence of said negligent performance of the work under said contract in that the roof structure was caused to bear excessive weight causing a break, snap and/or collapse of the structural support beam timbers upon which said work was performed and making such structure unfit for the use thereof, all to the damages of plaintiffs for which indemnification is here demanded *Page 912 
In due course the plaintiffs and Southern Roof moved for summary judgment on the plaintiffs' claim for a reasonable attorney's fee under the contract, based upon the pleadings, interrogatories, answers, request for admissions and answers, affidavits, and the contract referred to. The defendant Neil Bruce d/b/a Neil Bruce Associates, also moved for summary judgment on his cross claim against Southern Roof, on the theory that Southern Roof likewise had indemnified him for attorneys' fees under Article 10.10 of the contract between plaintiffs and Southern Roof. The trial court granted the motion of Southern Roof and denied the motions of plaintiffs and Bruce. The effect of these rulings was that under the contract in question the defendant contractor, as a matter of law, had not agreed to indemnify the plaintiffs for attorneys' fees incurred in the litigation between themselves
A proper Rule 54 (b) certification was entered and the plaintiffs have appealed the ruling adverse to them on that issue
The contract in question, a standard AIA form contract, contained two sections bearing on the issue of indemnification Article 10.10 states:
 The Contractor shall indemnify and hold harmless the Owner and the Architect and their agents and employees from and against all claims, damages, losses and expenses including attorneys' fees arising out of or resulting from the performance of the Work, provided that any such claim, damage, loss or expense (1) is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property other than the Work itself including the loss of use resulting therefrom, and (2) is caused in whole or in part by any negligent act or omission of the Contractor, any Subcontractor, anyone directly or indirectly employed by any of them or anyone for whose acts any of them may be liable, regardless of whether or not it is caused in part by a party indemnified hereunder, in any and all claims against the Owner or the Architect or any of their agents or employees by any employee of the Contractor, any Subcontractor, anyone directly or indirectly employed by any of them or anyone for whose acts any of them may be liable, the indemnification obligation under this Paragraph 10.10 shall not be limited in any way by any limitation on the amount or type of damages, compensation or benefits payable by or for the Contractor or any Subcontractor under workmen's compensation acts, disability benefit acts or other employee benefit acts. The obligation of the Contractor under this Paragraph 10.10 shall not extend to the liability of the Architect, his agents or employees arising out of (1) the preparation or approval of maps, drawings, opinions, reports, surveys, Change Orders, designs or specifications, or (2) the giving of or the failure to give directions or instructions by the Architect, his agents or employees provided such giving or failure to give is the primary cause of the injury or damage
Article 17 pertaining to the protection of persons and property states in part:
 All damage or loss to any property caused in whole or in part by the Contractor . . . shall be remedied by the Contractor. . . . [Emphasis added.]
The defendant, Southern Roof Deck Applicators, Inc., argues the existence of an ambiguity, caused by these two provisions, with respect to the contractor's obligation, and that therefore, because of this ambiguity, the contract had two separate meanings concerning indemnity, which the trial court resolved. We need not consider Article 10.10 in pari materia
with Article 17, however, because it is clear that no such ambiguity existed requiring resolution by the trial court. The language of Article 17 refers to "damage" or "loss to any property" and, standing alone, does not refer to indemnification for attorneys' fees
Article 10.10, however, does refer to "all . . . losses and expenses including attorneys' fees . . ." and is the only contractual reference to attorneys' fees. By its express terms the "Contractor shall indemnify . . . the Owner and the Architect . . . against all claims . . . and expenses including *Page 913 
attorneys' fees arising out of . . . performance of the Work. . ." The claims for which indemnity is made are described in Article 10.10 as ". . . any and all claims against the Owner or the Architect or any of their agents or employees by any employee of the Contractor, any Subcontractor, anyone directly or indirectly employed by any of them or anyone for whose acts any of them may be liable. . . ." Clearly, this language does not permit a construction which would indemnify the owner or architect for attorneys' fees incurred by either in a claim which either brought against the contractor. The contractural terms in question refer to the claims of the described third parties against the owner and the architect. Contracting parties have a right to express the limitations under which they will be bound, and such clearly manifested limitations will be recognized by the courts. United States Fid. GuarCo. v. Jacksonville State University, Ala., 357 So.2d 952
(1978)
The movant for summary judgment has the burden of showing the absence of any genuine issue of material fact, and the record must be viewed in a light most favorable to the party opposing the motion. Rule 56, ARCP; Papastefan v. B L Construction Coof Mobile, Ala., 356 So.2d 158 (1978). In other words, on motion for summary judgment the movant must demonstrate that if the case went to trial there would be no competent evidence to support a judgment in favor of the other side and, therefore, that a trial is useless. Logan v. Beuttner, Ala., 342 So.2d 352
(1977), citing Wright Miller, Federal Practice and Procedure, Civil § 2727. It is clear that such a situation exists here with respect to the defendants' lack of responsibility under the express terms of the contract to pay attorneys' fees, and this question was properly disposed of by summary judgment. CfLoveless v. Graddick, 295 Ala. 142, 325 So.2d 137 (1975)
Accordingly, the judgment must be, and is, affirmed
AFFIRMED
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur