Lynn Young appeals from a summary judgment in favor of Serra Volkswagen, Inc., on her claims seeking damages for fraud, deceit, malicious misrepresentation, and wantonness. The dispute stems out of the sale of an automobile to Young by Serra Volkswagen. We affirm.
On July 14, 1986, Young, accompanied by a friend, Kim Shoemaker, visited the sales lot of Serra Volkswagen to purchase an automobile. Jonathan Flanagan, a salesman for Serra Volkswagen, introduced himself to Young, and he and Young began discussing the sales prices of certain automobiles, as well as the price range Young could afford. Flanagan then directed Young's attention to a silver-colored 1986 Volkswagen Golf automobile that Serra Volkswagen had used as a demonstrator. Young says that Flanagan told her that the car was a "demo," that "it was as good as a new car," that she would get a "new car warranty," and that it was "within [her] price range." Young then inspected the car and test drove the car, accompanied by Shoemaker and Flanagan. Upon returning *Page 1338 
to the sales lot, Young began negotiating with Flanagan regarding price. The negotiation process was lengthy; in fact, Young said that she "got up to leave twice" during the process, but that Flanagan "came back with a better price each time."
Eventually, Young agreed to purchase the demonstrator at the price of $9,745.90, after a trade-in allowance and the addition of taxes, but subject to Serra Volkswagen's repairing "some scratches" on a rear fender of the car. Young said Flanagan assured her that the repairs would be done at no additional charge.[1]
The "Retail Buyer's Order" included the following provision at the top of the form:
 "Myra Lynn Young . . . hereby agrees to purchase from Serra . . . subject to all terms, conditions, and agreements contained herein the following:
" NEW USED DEMONSTRATOR."
Also contained in the agreement was the following provision, which was printed in red:
 "As a part of the New Car Pre-Delivery Procedures or Used Car Reconditioning of the Seller, all body repairs in an amount not exceeding one thousand dollars ($1,000) have been made prior to the delivery of the described automobile. Purchaser waives notice concerning said repairs and accepts the automobile as delivered. Any body repairs made by the Seller exceeding ($1,000) have been set out herein or in a separate disclosure statement if said repairs were made by the Seller, or were made known to it, and said repairs are hereby accepted and approved by Purchaser."
In her deposition, Young stated that she read the agreement and "understood what [she] was signing."
During February 1988, Young noticed that the paint on the left side of the car had begun to flake away. This caused her, she said, to believe that the "automobile was not new" and that it "had been previously wrecked" and "repainted on the left side." Young claims not only that the paint was flaking off the left side of the car, but also that the "left door did not fit properly."
On July 14, 1988, Young sued Serra Volkswagen, alleging fraud, deceit, malicious misrepresentation, wantonness, and breach of warranty, and seeking compensatory damages of $3,000 and punitive damages of $2,000,000.[2] After taking Young's deposition, Serra Volkswagen moved for a summary judgment, asserting that no genuine issue of material fact existed; that Young was unable to provide substantial evidence that Serra Volkswagen misrepresented any material fact to Young or to prove her reliance on any such misrepresentation; and that Young had failed to provide substantial evidence to support her wantonness claim.
On July 11, 1990, the trial court entered a summary judgment in favor of Serra Volkswagen, based on the authority of Planchardv. Dobbs Mobile Bay, Inc., 529 So.2d 942 (Ala. 1988). Young appeals.
Initially, we point out that a summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P. Once the moving party has made a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmovant to provide "substantial evidence" in support of his position. Ala. Code 1975, § 12-21-12; Rule 56, A.R.Civ.P.; Hanners v. Balfour Guthrie,Inc., 564 So.2d 412 (Ala. 1990); Bass v. SouthTrust Bank of BaldwinCounty, 538 So.2d 794 (Ala. 1989). The trial court is required to *Page 1339 
view all of the evidence offered by the moving party, Serra Volkswagen, in support of its motion in the light most favorable to the nonmovant, Young. Hanners, supra, and Bass, supra. With this standard in mind, we now address the merits of Young's contentions.
Young first contends that the trial court erred in granting Serra Volkswagen's motion for summary judgment because, she says, she provided sufficient evidence to rebut Serra Volkswagen's prima facie showing. We disagree. The essential elements of a fraud claim were recently set forth by this Court in Ramsey Health Care, Inc. v.Follmer, 560 So.2d 746, 749 (Ala. 1990):
 "`The essential elements of a fraud claim are (1) misrepresentation of a material fact; (2) made willfully to deceive, or recklessly without knowledge; (3) which was justifiably relied upon by the plaintiff under the circumstances; and (4) which caused damage as a proximate consequence.' Bowman v. McElrath Poultry Co., 468 So.2d 879 (Ala. 1985)."
See Ala. Code 1975, § 6-5-101.[3] See, also, Harris v. M S Toyota,Inc., 575 So.2d 74 (Ala. 1991).
Young argues that Flanagan's statement that the demonstrator "was as good as a new car," coupled with the assurance that the car was still under the "new car warranty," led her to believe that the demonstrator she had purchased was a new car. This, Young contends, constituted a misrepresentation of a material fact because, she claims, not only was the car a used car but also it had previously been "wrecked."
The car Young purchased was a demonstrator, not a new car. That fact is evident from Young's own deposition, as well as the "Retail Buyer's Order" that Young said she had read, understood, and signed. Young's understanding of the documents she signed is corroborated by her deposition testimony, in which she stated 1) that she had had several years of college education and several years' experience with contract negotiations through her past employment, and 2) more importantly, that she was familiar with the process of purchasing an automobile because she had purchased "four or five" automobiles in years past. It was undisputed that, at the time of the sale, the car was presented to Young as a "demonstrator" and that it had an odometer reading of 6,187 miles; that the price of the car was reduced because of its mileage and its use as a demonstrator; and that because the mileage on the car was low it qualified for a "new car warranty." In light of these facts, we do not view Flanagan's alleged statement that the demonstrator "was as good as a new car" as being a misrepresentation of a material fact. Under the circumstances, we view Flanagan's statement as nothing more than mere "puffery." Lucky Mfg. Co. v. Activation, Inc.,406 So.2d 900 (Ala. 1981). Also, given Young's knowledge, understanding, and ability to negotiate, it is difficult to conceive that she was justified in relying on Flanagan's statement to the point that she could think she was purchasing a new car. See Hickoxv. Stover, 551 So.2d 259 (Ala. 1989).
Moreover, the record reveals an obvious failure of proof by Young; she provided no evidence that the car she purchased from Serra Volkswagen had, in fact, been damaged as a result of its being "wrecked." She produced no expert testimony by way of affidavit or deposition and gave no indication of proof in her pleadings that the car had been wrecked, damaged, and repaired. Her allegation that the car was damaged as a result of its having been wrecked is just that, an allegation, and that allegation is not supported by the record.
Additionally, Young has failed to provide support for her wantonness claim. Even if the car had been wrecked or damaged, Young failed to produce any evidence that Serra Volkswagen had knowledge that the car had been wrecked or damaged. Neither the trial court nor this Court can speculate regarding Young's allegations. "Fraud is never presumed, and a person *Page 1340 
who asserts fraud has the burden of proof." Wilson v. SouthernMedical Ass'n, 547 So.2d 510, 514 (Ala. 1989); Johnsonv. Keener, 370 So.2d 265 (Ala. 1979). Young's burden was to present substantial evidence in order to defeat the defendant's prima facie showing in support of its motion for summary judgment against her fraud claim. Mere conclusory allegations or speculation that a fact exists will not defeat a properly supported motion for summary judgment. Riggs v. Bell, 564 So.2d 882 (Ala. 1990). "Bare argument or conjecture will not satisfy [Young's] burden to offer facts to defeat the motion." Id. at 885.
Therefore, based on the record before us, we conclude that Serra Volkswagen made the required prima facie showing to support its summary judgment motion and that Young failed to rebut it with substantial evidence supporting her claims of fraud, deceit, malicious misrepresentation, and wantonness.
We have also reviewed the disclaimer contained in the "Retail Buyer's Order" and conclude that the alleged damage Young complains of was the kind referred to in the disclaimer. Serra Volkswagen concedes that it repaired and repainted the left side of the car at a cost to it of $170. The absence of some showing of damage other than that referred to in the disclaimer precludes any recovery based on a claim of fraud, misrepresentation, or suppression of material facts.Planchard v. Dobbs Mobile Bay, Inc., supra; Couch v. Woody AndersonFord, Inc., 558 So.2d 888 (Ala. 1989).
Based on the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.
[1] The record shows that the service department of Serra Volkswagen repaired and repainted several dents and scratches on the left side of the vehicle. The cost of these repairs amounted to $170, which was charged to the sales department.
[2] On appeal, Young does not argue her breach of warranty claim; thus, that issue is waived. Bogle v. Scheer, 512 So.2d 1336
(Ala. 1987).
[3] Section 6-5-101 recognizes a fraud claim based on innocent misrepresentation; the element of willfulness or recklessness need not be proven on such a claim.