The issue presented in this case is whether the trial court erred in entering a summary judgment for the City of Gadsden based on a holding that "the city had no authority, right nor obligation to control, maintain or alter the roadway [where the accident occurred], nor [over] the design, striping or signing of same." Because we find that there was at least a "scintilla" of evidence that the city had control of the place of the accident, we hold that the trial court erred, and we reverse the judgment and remand the cause.
In the early 1980s, plans were made to connect Interstate Highway 759 (I-759) with State Highway 42 (S-42) somewhere in or around Gadsden, Alabama. The plans called for a joint effort by the state, city, and federal governments. Each was to contribute funds and consult on the project specifications. The state highway department advertised for bids and supervised the planning and actual construction of the project. Gadsden's chief engineer, Joseph Elmore, participated in the project at both of these stages. Copies of the project's blueprints were sent to Elmore, and he was involved in several inspections at differing stages of the project.
The resulting spur or connection roadway ran westwardly out of Gadsden as George Wallace Drive and connected with I-759 near a bridge over the Coosa River. This westward route sloped northward after passing the bridge. An exit to Highway 411 connected nearby. The eastbound and westbound lanes of this spur ran side-by-side; that is, there was no buffer or separating medium between the lanes.
On the evening of October 30, 1986, the Maharrys, appellants here and plaintiffs below, were travelling westward on this I-759 *Page 968 
spur. Mr. Maharry wanted to reach the exit to Highway 411 south and became confused as he saw the northward slope of I-759 west. According to his affidavit, he believed that the northward slope of the spur was the exit for Highway 411 north. In order to avoid exiting to Highway 411 north, he shifted one lane to the left. This lane turned out to be the eastbound lane of the I-759 spur. Immediately after changing lanes, the Maharrys collided with an eastbound vehicle.
On May 27, 1987, the Maharrys filed this action against the City of Gadsden, alleging negligent design and maintenance of a dangerous condition, and alleging negligent failure to correct, or ask for corrections on, the spur. The defendants filed a motion for summary judgment on January 10, 1989, asserting that the City had no obligation to correct the condition. The trial court agreed with the City's position and granted the City's motion for summary judgment. The Maharrys appealed.
The standard of review for a summary judgment motion has been repeatedly stated. In order to grant the motion, the court must find clearly that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. Tripp v. Humana, Inc., 474 So.2d 88 (Ala. 1985). The movant bears the burden initially of showing the two prongs of the standard. Id. at 90. If this burden is met, the burden shifts to the non-movant to rebut the showing. Id. Because this action was pending on June 11, 1987, the "scintilla of evidence" rule applies. Ala. Code 1975, § 12-21-12. Our review is de novo.Tolbert v. Gulsby, 333 So.2d 129 (Ala. 1976), Frank Davis BuickAMC-Jeep, Inc. v. First Alabama Bank of Huntsville,423 So.2d 855 (Ala.Civ.App. 1982).
It seems from our review that the City called into question almost every element of the Maharrys' cause of action, although the trial court bottomed its ruling on lack of "control." The basic elements of any negligence action are: 1) an obligation owed by the defendant to the plaintiff, 2) a breach of the standard of care applicable to that obligation, 3) causation, and 4) damage. See, Rutley v. Country Skillet Poultry Co.,549 So.2d 82 (Ala. 1989). Having examined the documents submitted in support of, and those in opposition to, the motion for summary judgment in light of the scintilla standard, we conclude that the appellants met their rebuttal burden.
As to the obligation owed, the submissions of the Maharrys show several alternative theories upon which an obligation could be predicated. The major contention of the City was that no evidence of "control" was shown by the Maharrys.[1] The trial court used the lack of "control" as a reason for granting the City's motion for summary judgment.
We find that the Maharrys presented at least a scintilla of evidence tending to establish that the roadway at issue was not officially designated as a state road until after the accident. Viewing this evidence in the light most favorable to the Maharrys, it is logical to infer that the City had control because the state had not taken control of the roadway. Also, the Maharrys submitted a contract between the state and the City, from which a jury could have inferred control or ability to control. Thus, at the very least, the Maharrys presented a scintilla of evidence as to the obligation element.
Was there a scintilla of evidence that the City breached its obligation to the travelling public? We think so. The Maharrys offered the affidavit of Jack Chambliss, an engineer and traffic and roadway expert. That affidavit presents at least a scintilla of evidence that there was a failure to conform with standard traffic engineering *Page 969 
practices, and the Chambliss affidavit also was sufficient to show causation.
As to damage, the Maharrys submitted answers to interrogatories and depositions that more than adequately established a scintilla of evidence as to this element. In fact, there is no question that there was sufficient evidence of the damage element.
If the substantial evidence rule were applicable, it might be debatable whether the plaintiffs had sustained their rebuttal burden of showing a genuine issue of material fact. However, the scintilla rule applies, and we hold that there was at least a scintilla of evidence that the City had control of the roadway at the time of the accident. We hold, therefore, that the judgment of the trial court is due to be reversed and the cause remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.
[1] Last term, this Court held in Harris v. Macon County,579 So.2d 1295 (Ala. 1991), that a right to control, or a right to participate in control, is necessary to hold a county or municipality responsible for negligent construction, design, or maintenance of a roadway. This was a slight shift from our holding in Perry v. Mobile County, 533 So.2d 602, 604
(Ala. 1988), which said that exclusive control was required. Both of these cases are distinguishable in that the "substantial evidence" rule applied to them. See § 12-21-12, Ala. Code 1975.