Joseph Mills appeals from a summary judgment entered in favor of Bruno's Inc., in his action to recover damages for personal injuries sustained in a slip-and-fall accident. Mills alleged that Bruno's had negligently and wantonly maintained the floor at its supermarket and that its negligence and wantonness had caused his injuries. The issue before the Court is whether the trial court erred in entering a summary judgment for the defendant, Bruno's, Inc., on its conclusion that there was no genuine issue of material fact for the jury to consider. We reverse and remand.
In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc.,564 So.2d 412; 413 (Ala. 1990); Turner v. Systems Fuel, Inc.,475 So.2d 539, 541 (Ala. 1985); Ryan v. Charles Townsend Ford,Inc., 409 So.2d 784 (Ala. 1981). The evidence, viewed in that light, shows the following: Mills injured his left knee when he slipped in some spilled cooking oil and fell, while shopping at a supermarket owned and operated by Bruno's. A Bruno's employee was stocking shelves nearby in the aisle when Mills slipped and fell. After the fall, Mills asked the employee to get something with which he could clean the oil off his shoe. The employee left and returned with a mop.
Because Mills was an invitee, Bruno's owed him the duty to have the premises free from danger or, if the premises were dangerous, to give sufficient warning to enable him, through the use of reasonable care, to avoid the danger. Heath v. SimsBrothers Construction Co., 529 So.2d 994 (Ala. 1988). Bruno's is not an insurer of Mills's safety, and it will be liable only if it failed to use reasonable care in maintaining its premises in a reasonably safe manner. Cox v. Western Supermarkets, Inc.,557 So.2d 831, 832 (Ala. 1989). At trial, the plaintiff will carry the burden of showing that the injury was proximately caused by the negligence or wantonness of the storekeeper or one of its employees. Id.
On a motion for a summary judgment, however, the burden is initially on the movant to make a prima facie showing that there is no genuine issue of material fact (i.e., that there is no dispute as to any material fact), and that he is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P.;McClendon v. Mountain Top Indoor Flea Market, Inc.,601 So.2d 957, 958 (Ala. 1992); Elgin v. Alfa Corp., 598 So.2d 807, 810
(Ala. 1992); Gillion v. Alabama Forestry Ass'n, 597 So.2d 1315,1319 (Ala. 1992); Maharry v. City of Gadsden, 587 So.2d 966,968 (Ala. 1991); Moore v. Liberty Nat'l Life Ins. Co.,581 So.2d 833, 834 (Ala. 1991); Campbell v. Southern Roof DeckApplicators, Inc., 406 So.2d 910, 913 (Ala. 1981); Butler v.Michigan Mut. Ins. Co., 402 So.2d 949, 951 (Ala. 1981). "The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact." McClendon, supra, at 958; see Elgin, supra, at 810-11;Gillion, supra, at 1319; Maharry, supra, at 968.
Bruno's argues that the trial judge correctly entered the summary judgment in its favor because, it says, Mills failed to present *Page 779 
substantial evidence that Bruno's had actual or constructive notice of the spilled oil. However, before Mills was required to show anything to defeat the summary judgment motion, Bruno's was required to present evidence that, if not rebutted, would require a finding that it had had no actual or constructive notice of the spilled oil before Mills slipped on that oil and fell. Whether Bruno's had actual or constructive notice that the oil was on the floor is a genuine issue of material fact. From the fact that there was a Bruno's employee stocking shelves nearby in the aisle when Mills slipped and fell, a jury could reasonably infer either that the employee was responsible for the spill or that he knew of the spill.
Because Bruno's did not make out a prima facie showing that there was no genuine issue of material fact, the burden never shifted to Mills, and the court erred in entering the summary judgment. Therefore, we reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, KENNEDY, INGRAM and COOK, JJ., concur.
MADDOX and STEAGALL, JJ., dissent.