Roger and Vera Willingham appeal from a partial summary judgment as to the issue of punitive damages in favor of the defendants United Insurance Company of America and its agents Wayne Hester and Mark Ross in a case involving invalid life insurance policies issued by United to the plaintiffs on the lives of their four foster children. We reverse and remand.
This is the second time this case has been before us. United's agents, Hester and Ross, knowing that the Willinghams' children were foster children, filled out applications for life insurance on the four children's lives. The agents assured the Willinghams that the policies would be valid. The policies were issued and the Willinghams paid premiums on them. Two years later, when Mrs. Willingham was told that Life of Georgia Insurance Company would not write life insurance on foster children, she became suspicious. Believing the policies to be invalid, the Willinghams stopped paying premiums and sued United and its agents, Hester and Ross, alleging fraud, breach of contract, negligence, conversion, and unjust enrichment.
United and its agents moved for a summary judgment, which the court entered on all counts. The plaintiffs appealed from that summary judgment, but argued only the fraud and conversion claims before this Court. We affirmed as to the conversion claim, reversed on the fraud count, and remanded the case to the trial court for further proceedings. Willingham v. UnitedInsurance Co. of America, 628 So.2d 328 (Ala. 1993) (WillinghamI).
United and its agents then moved for a partial summary judgment on the issue of punitive damages. The trial judge heard oral argument on the issue and subsequently entered a summary judgment in the defendants' favor, making the order final pursuant to Rule 54(b), A.R.Civ.P. The plaintiffs appeal from that order, but only as to defendant United.
On a motion for summary judgment, the burden is initially on the movant to make a prima facie showing that there is no genuine issue of material fact (i.e., that there is no dispute as to any material fact) and that he is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.; Combs v. King,764 F.2d 818, 827 (11th Cir. 1985); McClendon v. Mountain Top IndoorFlea Market, Inc., 601 So.2d 957, 958 (Ala. 1992); Elgin v. AlfaCorp., 598 So.2d 807, 810 (Ala. 1992); Gillion v. AlabamaForestry Ass'n, 597 So.2d 1315, 1319 (Ala. 1992); Maharry v.City of Gadsden, 587 So.2d 966, 968 (Ala. 1991); Moore v.Liberty Nat'l Life Ins. Co., 581 So.2d 833, 834 (Ala. 1991);Campbell v. Southern Roof Deck Applicators, Inc.,406 So.2d 910, 913 (Ala. 1981); Butler v. Michigan Mut. Ins. Co.,402 So.2d 949, 951 (Ala. 1981). "The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact." McClendon, supra, at 958; see Elgin, supra, at 810-11; Gillion, supra, at 1319; Maharry, supra, at 968. *Page 430 
Ala. Code 1975, § 6-11-20(a), provides: "Punitive damages may not be awarded in any civil action . . . other than in a tort action where it is proven . . . that the defendant consciously or deliberately engaged in . . . fraud. . . ." Section6-11-20(b)(1) defines "fraud" as "An intentional misrepresentation, deceit, or concealment of a material fact the concealing party had a duty to disclose, which was gross, oppressive, or malicious and committed with the intention on the part of the defendant of thereby depriving a person or entity of property or legal rights or otherwise causing injury." Thus, before the Willinghams were required to show anything to defeat United's motion for a summary judgment on the punitive damages issue, United was required to present evidence indicating either that United had made no misrepresentation, or that any misrepresentation was unintentional.
In Willingham I, 628 So.2d at 331, we held that "the relationship between a foster parent and foster child is not sufficient to create in the foster parent an insurable interest in the foster child." United argues that because, when it issued the policies, it had not been decided that a life insurance policy on a foster child was void, it could not have intentionally misrepresented that the policies were valid. United argues that because it did not know that the policies would be void, any misrepresentation could have been no more than innocent. Therefore, United argues, the punitive damages issue should not go to the jury.
United's argument, however, ignores the fact that, when it sold the policies to the Willinghams, United's underwriting department had in effect a practice of denying life insurance policies written on foster children. The following pertinent facts are from our Willingham I opinion:
 "While Hester knew that life insurance policies had to be supported by an insurable interest, he [testified that he] did not know that United would not write policies on foster children. However, he never inquired as to whether a foster parent and foster child relationship was sufficient to support an insurable interest. An internal memorandum directed United's underwriters not to write insurance policies on foster children. This memorandum was circulated only to underwriters and not to sales agents. Hester and Ross testified that they did not know that United had decided not to write such policies."
628 So.2d at 330.
The Willinghams argue that because Ala. Code 1975, § 8-2-8, provides that both the principal and the agent are deemed to have notice of whatever either has notice of, and ought, in good faith and the exercise of ordinary care and diligence, to communicate to the other, Hester and Ross had imputed knowledge that the policies on the foster children would be denied. Company rules, the Willinghams argue, ought, in the exercise of ordinary care, to be communicated to those taking applications for insurance. From the facts stated above, the Willinghams argue, a reasonable juror could infer that Hester and Ross intentionally misstated the information on the applications in order to get them processed, knowing that, had they contained the correct information, they would be denied.
On the issue of punitive damages, the intent of the party allegedly making misrepresentations is a question of material fact. Ala. Code 1975, § 6-11-20. United contends that because, at the time the Willinghams' policies were issued, this Court had not decided that a foster parent's relationship with a foster child did not support an insurable interest, it could not have known that the policies were invalid, and, therefore, it contends that its assurances that they were valid must be taken as innocent. The Willinghams argue that Hester and Ross had, at the least, imputed knowledge that, under United's own rules, the life insurance policies were invalid, and they argue, therefore, that a jury could find that the misrepresentations that the policies were valid were intentional. There being a genuine issue, a dispute, as to a material fact — United's intent — United did not meet its burden on its motion for a partial summary judgment.
For the foregoing reasons, and, having held in Willingham I, 628 So.2d at 331, that United's reaffirmation of its agreement to pay on the policies cannot be set up as a *Page 431 
defense to a fraud claim, we reverse the partial summary judgment and we remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.