Eileen R. Hose appeals from a summary judgment entered in favor of the defendant Winn-Dixie Montgomery, Inc., in her action to recover damages for personal injuries sustained in a slip and fall accident. Hose alleged that Winn-Dixie had negligently maintained the floor at its supermarket and that its negligence had caused her injuries.
The record shows the following facts: On December 22, 1991, Hose was shopping at a Winn-Dixie supermarket in Mobile, Alabama. While walking through an aisle in the produce section, Hose slipped and fell on a foreign substance, which she said appeared to be "a murky liquid substance" and, as a result of the fall, suffered injuries to her left knee and her back. Hose reported the accident to a Winn-Dixie employee working in the produce section. She testified that she had no idea how the liquid got on the floor or long it had been there, but she said, "[Y]ou could tell people had been walking in it."
Because Hose was an invitee, Winn-Dixie owed her a duty to have the premises free from danger or, if the premises were dangerous, to give her a warning sufficient to enable her, through the use of reasonable care, to avoid the danger.Mills v. Bruno's, Inc., 641 So.2d 777 (Ala. 1994); Heath v. SimsBrothers Construction Co., 529 So.2d 994 (Ala. 1988). Winn-Dixie is not an insurer of Hose's safety, and it will be liable only if it failed to use reasonable care in maintaining its premises in a reasonably safe manner. Mills, supra, East v. Wal-MartStores, Inc., 577 So.2d 459 (Ala. 1991); Cox v. WesternSupermarkets, Inc., 557 So.2d 831, 832 (Ala. 1989). No presumption of negligence arises from the mere fact of injury to the customer. Cash v. Winn-Dixie Montgomery, Inc.,418 So.2d 874, 876 (Ala. 1982).
On a motion for a summary judgment, the burden is initially on the movant to make a prima facie showing that there is no genuine issue of material fact (i.e., that there is no dispute as to any material fact), and that the movant is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P.;Mills, supra, at 778; McClendon v. Mountain Top Indoor FleaMarket, Inc., 601 So.2d 957, 958 (Ala. 1992); Elgin v. AlfaCorp., 598 So.2d 807, 810 (Ala. 1992); Gillion v. AlabamaForestry Ass'n, 597 So.2d 1315, 1319 (Ala. 1992); Maharry v.City of Gadsden, 587 So.2d 966, 968 (Ala. 1991); Campbell v.Southern Roof Deck Applicators, Inc., 406 So.2d 910, 913
(Ala. 1981); Butler v. Michigan Mut. Ins. Co., 402 So.2d 949,951 (Ala. 1981). "The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact." Mills, supra, at 778 (quotingMcClendon, supra, at 958); see Elgin, supra, at 810-11;Gillion, supra, at 1319; Maharry, supra, at 968.
In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Mills v. Bruno's, Inc.,641 So.2d 777 (Ala. 1994); Hanners v. Balfour Guthrie, Inc.,564 So.2d 412, 413 (Ala. 1990); Turner v. Systems Fuel, Inc.,475 So.2d 539, 541 (Ala. 1985); Ryan v. Charles Townsend Ford, Inc.,409 So.2d 784 (Ala. 1981).
In support of its motion for summary judgment, Winn-Dixie submitted the affidavits of two employees of Winn-Dixie. One of them, Antonio Darrington, a produce clerk, testified that he would go "up and down the aisle constantly all day" and that "5 to 10 minutes elapsed between the time [he] last walked down the aisle and the time Hose fell." He testified that no substance was on the floor when he last walked down the aisle, *Page 405 
and that he was unaware of any liquid on the floor before Hose fell. He also stated that he did not put any liquid on the floor. Winn-Dixie's produce manager, Ralph Howze, testified that he was unaware of any liquid on the floor and that no customer or employee had directed his attention to any liquid before Hose fell. Finally, in support of its motion, Winn-Dixie filed Hose's deposition, wherein she testified that she had walked down the produce aisle twice and had not seen any liquid, and that she had no idea how long the liquid had been there, or how it got there.
We hold that Winn-Dixie made a prima facie showing that it had had no notice, actual or constructive, of any liquid on the floor; thus, the burden shifted to Hose to present substantial evidence that Winn-Dixie had actual or constructive notice of the substance before her fall. Mills, supra. In response to Winn-Dixie's motion for summary judgment, Hose filed an affidavit wherein she stated that, after her fall, she saw a "murky liquid substance on the floor." In deposition, Hose testified that the liquid that caused her fall was "murky" and that "[Y]ou could tell people had been walking in it." She did not explain what the substance was or what about it indicated that people had been walking in it. Viewing the evidence most favorably to Hose, we hold that Hose failed to present substantial evidence that Winn-Dixie knew, or should have known, before the accident, of the liquid on the floor. In light of the testimony of the produce clerk, who testified that he had walked down the aisle 5 to 10 minutes before Hose's accident, one must conclude that the murky liquid may have been dropped or leaked onto the floor only minutes before Hose fell. Mere conclusory allegations or speculation that a fact exists will not defeat a properly supported motion for summary judgment. Young v. Serra Volkswagen, Inc., 579 So.2d 1337, 1340
(Ala. 1991.) "Bare argument or conjecture will not satisfy [Hose's] burden to offer facts to defeat the motion." Young, 579 So.2d at 1340, quoting Riggs v. Bell, 564 So.2d 882, 885
(Ala. 1990).
Therefore, based on the record before us, we conclude that Winn-Dixie made the required prima facie showing in support of its summary judgment motion and that Hose failed to rebut it with substantial evidence supporting her claim of negligence.
The summary judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, KENNEDY and COOK, JJ., concur.