BUTTS, Justice.
This appeal arises from an action filed by J. Thomas Burgess alleging that Alabama Power Company had trespassed onto his property.[1]
Years before Burgess acquired the property, M. Denton, Burgess’s predecessor in interest, conveyed to Alabama Power a 50-foot easement for a transmission line right-of-way and an easement for ingress to and egress from the right-of-way. The deed noted that *436 the 50-foot easement was located in that portion of the property lying in Section 5. The easement was described as follows:
“[T]he right to construct, operate and maintain electric transmission lines ... towers, poles and appliances necessary or convenient in connection therewith from time to time upon ... a strip of land Fifty (50) feet in width ... over and across the lands ... hereinafter described ... together with all rights and privileges necessary or convenient for the full enjoyment or use thereof for the purpose above described, including the right for ingress and egress to and from said strip.... ”
(Emphasis added.) The instrument by which Burgess acquired title to the property stated that the conveyance was “[S]UBJECT to all reservations, restrictions, easements and right of ways of record or in evidence through use.” (Emphasis in original.)
The transmission line easement granted to Alabama Power crosses a mountain crest that ascends 200 feet above a county road located adjacent to the property. There are two pole locations in the 50-foot strip where the easement crosses Burgess’s property. The first pole is located on the mountain crest and the second pole is located on the top of a smaller mountain.
In 1991, Alabama Power decided to replace the deteriorating wooden transmission poles located on the property with concrete poles that were substantially taller and heavier than the wooden poles. Alabama Power’s crew was able to install two poles on the small mountain by utilizing its right-of-way and dragging the poles and the equipment used to install the poles up the smaller mountain. However, because the remaining poles were to be placed in rock on the steep mountain incline, the Alabama Power crew required the use of a flatbed truck to haul an air compressor that was necessary to operate a jackhammer employed to plant the new poles.
Alabama Power contends that because its crew feared danger to the equipment and the personnel if an attempt was made to climb the steep mountain, the workers drove their trucks and equipment across Sections 5 and 8 on an existing road owned by Burgess. Burgess contends that as they used the road, it was damaged by the heavy equipment used to transport the crew and equipment up the mountain.
Burgess sued Alabama Power, alleging trespass, continuing trespass, negligence, and wantonness. The trial court entered a summary judgment in favor of Alabama Power as to Burgess’s trespass claim and made that judgment final pursuant to Rule 54(b), A.R.Civ.P. Burgess appeals.[2]
On a motion for a summary judgment, the movant has the burden to make a prima facie showing that there is no genuine issue of material fact and that he is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. See, also, Willingham v. United Insurance Co. of America, 642 So.2d 428 (Ala.1994), and the cases cited therein. Until the moving party has made a prima facie showing that there is no genuine issue of material fact, the burden does not shift to the opposing party to establish a genuine issue of material fact. Willingham, supra. This case was filed after June 11,1987; accordingly, the “substantial evidence rule” applies to the ruling on the motion for summary judgment. In order to defeat a properly supported motion for summary judgment, the nonmovant must present substantial evidence creating a genuine issue of material fact. Ala.Code 1975, § 12-21-12. Betts v. McDonald’s Corp., 567 So.2d 1252 (Ala.1990). “Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
In Moss v. Vance, 288 Ala. 224, 259 So.2d 252 (1972), this Court held that the grant of an easement is to be construed in favor of the grantee. Thus, where the use of adjoining space is necessary in order to carry *437 out the purpose of an easement, the court will presume that the parties to the easement bargained for, and that the grantee was granted, a property right that would be useful and that could be made effective; therefore, if necessary, reasonable use of the adjoining space is permissible unless the easement specifically prohibits any use of the adjoining space. Plantation Pipe Line Co. v. Locke, 290 F.Supp. 752 (N.D.Ala.1968); Ellard v. Goodall, 203 Ala. 476, 83 So. 568 (1919) (emphasis added).
The Dentons executed a deed granting Alabama Power “all rights and privileges necessary or convenient for the full enjoyment or use [of the easement] for the purpose above described, including the right of ingress and egress to and from said strip.” The deed did not specifically prohibit the use of Section 8 for ingress and egress. Burgess acquired title to the property subject to “all reservations, restrictions, easements and right of ways of record.”
The evidence presented showed that Alabama Power feared that an attempt to ascend the 200-foot mountain would place its crew and equipment in danger, and, therefore, concluded that it was necessary to move its employees and equipment on and over the existing road located in Section 8 of Burgess’s land, to get to and from its transmission line right-of-way located in Section 5 for the purpose of constructing and maintaining electric transmission lines. This use of the right of ingress and egress by Alabama Power was reasonable under the specific facts of this case.
Accordingly, the trial court properly entered the summary judgment in favor of Alabama Power on Burgess’s claim of trespass.
AFFIRMED.
ALMON, SHORES, HOUSTON and INGRAM, JJ., concur.

. The property is described as follows:
"The Southeast 1/4 of the Southeast 1/4, Section 5, Township 13 South, Range 2 east, Blount County, Alabama, and the East 1/2 of the Northeast 1/4 of Section 8, Township 13 South, Range 2 East, Blount County, Alabama."

. Burgess' claims of continuing trespass, negligence, and wantonness are still pending before the trial court.