753 So.2d 531 (1999)
Catherine NEEL-GILLEY et al.
v.
Sammy L. McCALLISTER d/b/a McCallister Oyster Bar & Seafood.
2980880.
Court of Civil Appeals of Alabama.
November 19, 1999.
*532 Gary W. Stout of Brock, Stout & Sherling, Enterprise, for appellants.
Steadman S. Shealy, Jr., and James H. Pike of Cobb & Shealy, P.A., Dothan, for appellee.
YATES, Judge.
In January 1998, Catherine Neel-Gilley and her husband, James Randall Gilley, sued Sammy L. McCallister d/b/a/ McCallister Oyster Bar & Seafood, alleging negligence, wantonness, and a loss of consortium arising out of injuries Neel-Gilley sustained in February 1996 when she slipped and fell on the premises of McCallister Oyster Bar & Seafood.
On November 25, 1999, McCallister moved for a summary judgment. The court granted McCallister's motion on February 15, 1999. On February 23, 1999, Neel-Gilley and Gilley moved the court to reconsider its granting of the motion for a summary judgment; on February 26, 1999, the court set aside the summary judgment. On March 5, 1999, McCallister moved the court to reconsider the order setting aside the summary judgment. On March 23, 1999, the court reinstated its original summary judgment in favor of McCallister, stating: "Upon reconsideration, the court finds that the order of 2-26-99 setting aside summary judgment was improvidently entered. Therefore [the] order of 2-15-99 is reinstated." Neel-Gilley and Gilley appeal. This case was transferred to this court by the supreme court pursuant to § 12-2-7(6), Ala.Code 1975.
In reviewing the disposition of a motion for summary judgment, we use the same standard the trial court used in determining whether the evidence before it presented a genuine issue of material fact and whether the movant was entitled to a judgment as a matter of law. Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala. 1988); Rule 56(c), Ala. R. Civ. P. When the movant makes a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989). Evidence is "substantial" if it is of "such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). This court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).
Neel-Gilley went to McCallister's to purchase oysters. As she was entering the premises, she slipped and fell, breaking the femur in her right leg. Neel-Gilley alleged that puddled water that had accumulated on the floor inside the entrance to the establishment caused her to slip and fall. It is undisputed that Neel-Gilley was a business invitee of McCallister on the day she was injured. Therefore, McCallister owed Neel-Gilley the following duty:
"`[A] storekeeper is under a duty to exercise reasonable care to provide and maintain reasonably safe premises for the use of his customers. However, the storekeeper is not an insurer of the customer's safety, and is liable for injury only if he negligently fails to use reasonable care in maintaining his premises in *533 a reasonably safe condition. The plaintiffs must prove that the injury was proximately caused by the negligence of [the storekeeper] or one of its servants or employees. Actual or constructive notice of the presence of the substance must be proven before [the storekeeper] can be held responsible for the injury. Furthermore, the plaintiffs must prove (1) that the substance slipped upon had been on the floor a sufficient length of time to impute constructive notice to the [the storekeeper]; or (2) that [the storekeeper] had actual notice that the substance was on the floor; or (3) that [the storekeeper] was delinquent in not discovering and removing the substance.'"
Dunklin v. Winn-Dixie of Montgomery, Inc., 595 So.2d 463, 464 (Ala.1992), quoting Maddox v. K-Mart Corp., 565 So.2d 14, 16 (Ala.1990).
The evidence indicates that the business known as McCallister Oyster Bar & Seafood is an oyster bar, a fish market, and a seafood restaurant housed in one building. The entrance to the front door is covered by a canopy; indoor/outdoor carpet covers a ramp leading from the parking lot to the entrance. The parking lot is paved with asphalt and is beveled to quickly drain rainwater. Additionally, a mat is located just inside the entrance to the building.
It had rained heavily on the morning of the accident; however, Neel-Gilley stated that when she arrived at the business there was no water in the parking lot. She entered the business through the front entrance at the fish-market section. She testified that she stepped off the mat with her left foot first and that that foot went out from under her, causing her right foot to buckle under her. Neel-Gilley testified that she did not see any water in the area where she fell because, she said, she was "laying flat on [her] back." She, however, did state that after the fall her pants were wet below her waist. She was accompanied to the business by Rick Amburgey. Amburgey stated in his affidavit:
"As Ms. Neel-Gilley entered the restaurant known as McCallister's Oyster Bar & Seafood, I was one to two steps behind her. As she had taken no more than two or three steps inside the restaurant I observed her fall quickly and violently immediately in front of me. After Ms. Neel-Gilley's fall, I was able to better look at the floor in the restaurant which was covered with water in puddle form. Ms. Neel-Gilley fell on her first step off of the mat upon which you walk when first entering the restaurant. As I knelt beside Ms. Neel-Gilley to comfort her, my shoe, my knee, and my trousers became wet from kneeling in the water present on the restaurant floor."
There is no dispute that Neel-Gilley fell in the front entrance of the business at the fish-market section. It is clear that when Amburgey stated that he observed water on the floor of the restaurant "in puddle form" he was referring to the area of the business at the entrance to the fish-market section where Neel-Gilley fell and not the restaurant section in the rear of the business.
Sammy McCallister testified that there was no water on the floor in the area where she fell. He stated that after Neel-Gilley was removed he had inspected the area where she fell and that there was nothing there to mop up. McCallister also testified that he constantly inspects the floor as he walks through the building. He stated that he had inspected the floor in the fish market after he waited on the customer that had come into the market before Neel-Gilley; however, he was unable to say how much time had elapsed before Neel-Gilley entered the business.
Delain McCallister, Sammy's wife, also testified that there was no water on the floor in the area where Neel-Gilley fell, because, she said, if there had been she would have seen it. Delain testified that she constantly inspects the floors and that she had inspected the floor approximately 10 to 20 times before Neel-Gilley fell. She *534 stated that she had last inspected the floor 30 to 45 minutes before Neel-Gilley fell.
McCallister supported his motion for summary judgment with his deposition testimony and that of his wife. Neel-Gilley countered with her own deposition testimony and Amburgey's affidavit. The evidence, viewed in a light most favorable to Neel-Gilley, suggests that water had puddled on the floor to the entrance of the fish market, where she fell. Although the McCallisters regularly inspect the floors, the evidence suggests that they had not inspected the floors for 30 to 45 minutes before the accident. Whether water had accumulated in the entrance to the business and whether it was there for a sufficient amount of time to impute notice to the McCallisters, or whether the McCallisters were delinquent in failing to discover its presence are questions to be decided by a jury. Accordingly, we must reverse the summary judgment as to the negligence claims and remand the case for further proceedings.
However, because Neel-Gilley failed to present any evidence from which the jury could have concluded that McCallister had acted wantonly, we affirm the summary judgment as to the wantonness claim.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and MONROE and CRAWLEY, JJ., concur.
THOMPSON, J., dissents.
THOMPSON, Judge, dissenting.
Because I would affirm the summary judgment in its entirety, I respectfully dissent.
The majority concludes that the alleged puddle of water Neel-Gilley slipped in was tracked in by other patrons visiting the business during the rainy weather. In drawing this conclusion, the majority relies heavily on the affidavit of Neel-Gilley's friend, Rick Amburgey, who stated that his shoe, knee, and trousers became wet when he knelt to comfort her. I find no evidence in the record to demonstrate that McCallister had notice, either actual or constructive, of the allegedly wet condition of the floor. Sammy McCallister testified in his deposition that immediately after Neel-Gilley's fall, he was unable to find any accumulated moisture to mop up. Delain McCallister testified in her deposition that she had checked the floor about 10 to 20 times before Neel-Gilley fell.
I find the facts of this case most closely resemble the facts presented in Hose v. Winn-Dixie Montgomery, Inc., 658 So.2d 403 (Ala.1995). In Hose our supreme court, in a unanimous opinion, affirmed a summary judgment on the plaintiff's claim of negligence when she slipped and fell on a liquid substance on the premises. In Hose, despite the fact that the plaintiff testified that the substance she slipped in was murky and had been tracked through, our supreme court found that she had failed to rebut Winn-Dixie's prima facie showing that it had no notice of the substance on the floor. In reaching this conclusion the Hose court found significant the evidence that Winn-Dixie produced demonstrating its diligence in inspecting the condition of the floor.
I conclude that the McCallisters also established a prima facie case that they had no notice of a water puddle near the entrance of their establishment. In my review of the record I find no evidence presented on behalf of Neel-Gilley to rebut that prima facie case. I find Amburgey's affidavit that his shoe, knee, and trousers became wet when he knelt to comfort her insufficient to rebut this prima facie showing. Neel-Gilley's own testimony indicates that she never looked to see where her foot slipped or if there was anything on the floor.
"Mere conclusory allegations or speculation that a fact exists will not defeat a properly supported motion for summary judgment." Young v. Serra Volkswagen, *535 Inc., 579 So.2d 1337, 1340 (Ala.1991) (citing Riggs v. Bell, 564 So.2d 882 (Ala.1990)).