Because I would affirm the summary judgment in its entirety, I respectfully dissent.
The majority concludes that the alleged puddle of water Neel-Gilley slipped in was tracked in by other patrons visiting the business during the rainy weather. In drawing this conclusion, the majority relies heavily on the affidavit of Neel-Gilley's friend, Rick Amburgey, who stated that his shoe, knee, and trousers became wet when he knelt to comfort her. I find no evidence in the record to demonstrate that McCallister had notice, either actual or constructive, of the allegedly wet condition of the floor. Sammy McCallister testified in his deposition that immediately after Neel-Gilley's fall, he was unable to find any accumulated moisture to mop up. Delain McCallister testified in her deposition that she had checked the floor about 10 to 20 times before Neel-Gilley fell. I find the facts of this case most closely resemble the facts presented in Hose v. Winn-DixieMontgomery, Inc., 658 So.2d 403 (Ala. 1995). In Hose our supreme court, in a unanimous opinion, affirmed a summary judgment on the plaintiff's claim of negligence when she slipped and fell on a liquid substance on the premises. In Hose, despite the fact that the plaintiff testified that the substance she slipped in was murky and had been tracked through, our supreme court found that she had failed to rebut Winn-Dixie's prima facie showing that it had no notice of the substance on the floor. In reaching this conclusion the Hose court found significant the evidence that Winn-Dixie produced demonstrating its diligence in inspecting the condition of the floor.
I conclude that the McCallisters also established a prima facie case that they had no notice of a water puddle near the entrance of their establishment. In my review of the record I find no evidence presented on behalf of Neel-Gilley to rebut that prima facie case. I find Amburgey's affidavit that his shoe, knee, and trousers became wet when he knelt to comfort her insufficient to rebut this prima facie showing. Neel-Gilley's own testimony indicates that she never looked to see where her foot slipped or if there was anything on the floor.
"Mere conclusory allegations or speculation that a fact exists will not defeat a properly supported motion for summary judgment." Young v. Serra Volkswagen, *Page 535 Inc., 579 So.2d 1337, 1340
(Ala. 1991) (citing Riggs v. Bell, 564 So.2d 882 (Ala. 1990)).