Generally, when a third party suffers damage as a result of an agency relationship, the dispute is usually whether the principal is liable for the agent's wrongful conduct. In that situation, notice or knowledge of the agent's wrongful conduct is imputed to the principal, pursuant to § 8-2-8, Ala. Code 1975. In the present case, however, the question is whether the agent should be held liable for the principal's wrongful conduct. That is, can the principal's knowledge of its wrongful conduct be imputed to the agent?
It is clear that the company had notice of a discrepancy in the odometer reading when it purchased the truck from Mark Dunning Industries. Judge Crawley concludes that under § 8-2-8, knowledge of the odometer discrepancy cannot be imputed to Cooper, as an agent of the company. I agree that the phrase "[a]s against a principal," in § 8-2-8, limits imputed knowledge to the principal.
In Willingham v. United Insurance Co. of America, 642 So.2d 428 (Ala. 1994), the trial court entered a partial summary judgment in favor of the insurance company and two of its sales agents. In that case, the insurance company had issued life insurance policies on the plaintiffs' foster children. An internal memorandum directed the insurance company's underwriters to not issue life insurance policies on foster children. However, this memorandum was not circulated to the sales agents. The plaintiffs argued that under § 8-2-8 both "the principal and the agent are deemed to have notice of whatever either has notice of, and ought, in good faith and in the exercise of ordinary care and diligence, to communicate to the other." 642 So.2d at 430. The plaintiffs further argued that the agents had at least imputed knowledge that the insurance policies were void. However, the plaintiffs' *Page 407 
appeal involved only the insurance company, not the sales agents. The Supreme Court reversed the summary judgment, imputing the insurance company's knowledge to the agents, but only for purposes of determining the insurance company's liability and not the agents, because the agents were not parties to the appeal.
I also agree that Roland failed to present substantial evidence indicating that Cooper knew that the truck's odometer was incorrect so as to support either of his fraud claims against Cooper. Cooper stated that when Roland asked him whether the odometer was correct, he told him: "I don't know. I have no way of knowing. The guy that we bought it from told us it was the correct mileage. That is what my daddy told me. That is all I had to go on. I didn't buy the truck [from Mark Dunning Industries]."
By merely repeating the misrepresentation, Roland was the instrument of the company's fraud, but he lacked the intent to defraud Cooper. Cooper failed to present sufficient evidence indicating that Roland knew that the representation regarding the odometer was false. Had Cooper presented such evidence, then Roland would be liable as well. I note that an agent's position as an agent is, alone, not a defense to wrongful conduct. In other words, an agent is not immune from liability from his own wrongful conduct merely because he is acting as an agent.
I further note that I agree that Roland's breach-of- contract and breach-of-warranty claims do not lie as to Cooper or the company.
Robertson, P.J., and Monroe, J., concur.