426 P.2d 784

**B. L. HISEY, Plaintiff-Appellant,**

**v.**

**CASHWAY SUPERMARKETS, INC.,**
**Defendant-Appellee.**

No. 8234.

Supreme Court of New Mexico.

April 24, 1967.

Norton & Ingraham, Lovington, for appellant.

Girand, Cowan & Reese, Hobbs, for appellee

## OPINION

NOBLE, Justice.

B. L. Hisey, plaintiff below, sought recovery of damages for personal injury caused by the malfunctioning of an automatic electric door maintained by defendant, Cashway Supermarkets, Inc. Hisey has appealed from a directed verdict for defendant.

Plaintiff, a customer at Cashway Supermarkets, was leaving the store with a bag of groceries, and stepped on the mat which activated an electrically operated exit door. When he was only partly through, the door suddenly "slammed" shut, causing its handbar to strike the hand with which plaintiff was holding the bag of groceries. Plaintiff testified that immediately after the accident, he told the store manager what had happened and that the manager replied, "we have recently spent a bunch of money having these doors repaired."

■ The proof was limited to the occurrence of the accident and the resultant injuries. No other evidence was adduced respecting the door, its condition, or the cause of its malfunction. Plaintiff relied primarily upon the doctrine of res ipsa loquitur, and argues that the exclusive control of the automatic door by the defendant, and plaintiff's lack of knowledge of the functioning of the door or the cause of its malfunction, entitled him to invoke the doctrine, thus requiring the defendant to explain or otherwise overcome a presumption of negligence. But, more than the happening of an accident is necessary to invoke the res ipsa loquitur doctrine. McFall v.

Shelley, 70 N.M. 390, 374 P.2d 141, 146; Renfro v. J. D. Coggins Co., 71 N.M. 310, 378 P.2d 130.

 The factual basis necessary as a premise for application of res ipsa loquitur requires proof that (1) plaintiff's injury was proximately caused by an agency or instrumentality under the exclusive control of the defendant; and (2) the incident causing the injury is of the kind which ordinarily does not occur in the absence of negligence by the person having control of the instrumentality. Hepp v. Quickel Auto & Supply Co., 37 N.M. 525, 25 P.2d 197; Tafoya v. Las Cruces Coca-Cola Bottling Co., 59 N.M. 43, 278 P.2d 575; McFall v. Shelley, supra; Renfro v. J. D. Coggins Co., supra; Buchanan v. Downing, 74 N.M. 423, 394 P.2d 269. A proprietor of a store is not an insurer against all accidents and injuries to his customers. See Quick Shops, Inc. v. Oldham, 100 Ga.App. 551, 111 S.E.2d 920; Peretore v. Pennsylvania R. R., 284 App.Div. 472, 131 N.Y.S.2d 696. The evidence in this case shows that the plaintiff had been a patron of the store and that he had gone out of this door other times when it operated properly. There is, likewise, testimony from which the trial court concluded that the plaintiff left the store by means of this same door following his conversation with the store manager and that the door then operated properly. Even though defendant argues that inter-pretation of the testimony is not justified, we think the trial court properly construed it. We find nothing in the record that the door was not suited to the use to which it was put.

 The absence of any evidence, or reasonable inference to be drawn from evidence that this accident is the kind which ordinarily does not occur in the absence of the negligence of someone alone defeats the application of the doctrine of res ipsa loquitur. Renfro v. J. D. Coggins, Co., supra. The fact that the door had been operating properly before the accident and that it thereafter operated normally without any repairs being required clearly fails to sustain an inference that the isolated malfunction would not have occurred but for defendant's negligence. Watkins v. Taylor Furnishing Co., 224 N.C. 674, 31 S.E.2d 917; Ernst v. Jewel Tea Co., 197 F.2d 881 (7th Cir. 1952). Thus, plaintiff having failed to establish the essential elements of the doctrine, res ipsa loquitur was not available to make a prima facie case.

J. Weingarten v. Gauthier, 305 S.W.2d 181 (Tex.Civ.App.), relied upon by plaintiff, is clearly distinguishable. There was evidence in that case that the malfunctioning door was secured immediately after the accident so it could not be moved and that the door was thereafter repaired by one experienced in the maintenance and repair of such doors. The repairman, however,

offered no explanation of what was found to have been wrong.

We find no merit to plaintiff's second contention that even if a prima facie case is not made out by application of the doctrine of res ipsa loquitur, the evidence of defendant's negligence is nevertheless sufficient to require submission of the issue to the jury. Plaintiff concedes there is no direct evidence of negligence, but asserts that the fact that there had been some repairs made on the door creates a reasonable inference of (1) failure to make proper inspections or (2) that the plaintiff had failed to correct prior defects. It is true that plaintiff is entitled to all inferences in his favor but such inferences must be reasonably based on facts established by the evidence, not upon conjecture or other inferences. Kitts v. Shop Rite Foods, 64 N.M. 24, 323 P.2d 282; Gonzales v. Shoprite Foods, 69 N.M. 95, 364 P.2d 352. There is no evidence in this case of the nature of the previous defects, nor has any evidence been pointed out to us from which a reasonable inference could be drawn that the malfunction resulted from a prior condition which was not properly repaired.

Finding no error, the judgment appealed from should be affirmed. It is so ordered.

CHAVEZ, C. J., and WOOD, J., Court of Appeals, concur.