487 P.2d 1350

George POULOS and Goldie Poulos, his wife, Plaintiffs-Appellants,

v.

COCK 'N BULL BEVERAGE, INC., and Ginger Beer Company, Defendants-Appellees,

v.

GLASS CONTAINERS CORPORATION et al., Third-Party Defendants.

No. 600.

Court of Appeals of New Mexico.

July 30, 1971.

Stuart Hines, Albuquerque, for appellants.

Charles B. Larrabee, Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for Cock 'N Bull Beverage, Inc.

Ranne B. Miller, Keleher & McLeod, Albuquerque, for Ginger Beer Company.

## OPINION

HENDLEY, Judge.

Relying solely on the doctrine of res ipsa loquitur plaintiffs instituted this action for damages, loss of wages and doctor and hospital bills based on injuries to the wife caused by an exploding bottle. The trademark of defendant, Cock 'N Bull Beverage, Inc., and the trade name of defendant Ginger Beer Company appeared on the label and on the cap of the bottle that exploded. No other names appeared on the bottle. Subsequently, defendant, Ginger Beer Company, filed a third party complaint against Glass Containers Corporation, who allegedly supplied the glass bottles used in the bottling of Cock 'N Bull Ginger Beer, against Nu Grape Bottling Company, who allegedly bottled and marketed the product, and against Southwest Distributing Company, who transported the Ginger Beer from California to New Mexico and resold to plaintiffs the case which contained the exploding bottle. At no time did plaintiffs attempt to join the third party defendants.

The trial court, sitting without a jury, found for defendants. Plaintiffs appeal raising three points for reversal. The first two points relate to the doctrine of res ipsa loquitur and will be discussed together. The third point relates to certain statements made by the third party defendants and the trial court's findings in regard to the third party defendants.

We affirm.

## RES IPSA LOQUITUR

■ Our discussion concerns the lack of evidence establishing the requisite element of control necessary for the application of the doctrine of res ipsa loquitur. See Hisey v. Cashway Supermarkets, Inc., 77 N.M. 638, 426 P.2d 784 (1967).

There is an issue as to control because the evidence shows multiple parties were involved in the production and distribution of the bottle that exploded. Plaintiffs chose not to sue the supplier of the bottle, the actual bottler or the distributor. They sought to apply the doctrine of res ipsa loquitur to the company holding the right to use the name "Cock 'N Bull" on the basis that it authorized others to use the name and sold to the actual bottler the extract which flavored and colored the drink that was subsequently produced. Plaintiffs sought to apply the doctrine to the company authorized to bottle "Cock 'N Bull Ginger Beer" when that company had contracted with another company to do the actual bottling.

The trial court's undisputed and unattacked finding is there was no evidence that the parties who actually participated in the production and distribution of the bottle that exploded, the third party defendants, were agents of the defendants.

With no agency involved, plaintiffs sought to apply the doctrine on the theory that defendants had something to do generally with the article getting into the stream of commerce, see Blount v. T D Publishing Corporation, 77 N.M. 384, 423 P.2d 421 (1966), and that to invoke the doctrine he did not need "to go beyond the designated principal represented on the product labels. * * *" These general claims do not provide an answer; they do no more than pose the question: What did the defendants have to do with the bottle

that exploded; in what way were they a "principal" in regard to this item? There is no evidence that the two defendants had anything to do with the actual production of the drink, its bottling or distribution. Their involvement does include the name to be used, the type of bottle to be used and the formula to be followed in producing the drink. There is no evidence that these items had anything to do with the bottle that exploded.

In this case the basis for the trial court's decision appears in its second conclusion of law:

"The doctrine of Res ipsa loquitur cannot be invoked in favor of the plaintiffs under the facts of this case inasmuch as plaintiffs failed to establish any exclusive control or management of the ginger beer products in question on the part of the above-named defendants."

This conclusion is supported by adequate findings which in turn are supported by the record and is dispositive of plaintiffs' appeal.

### FINDINGS OF FACT

Plaintiffs' last contention concerns the trial court's findings of fact No. 9 and 10 which relate to the relationships between Ginger Beer Company, the Bottling Company and Southwest Distributing Company, the distributor. It is plaintiffs' contention that these findings are at variance with the evidence since they are only statements of "counsel from the counsel table." Direct evidence, and the inferences therefrom, support most of these findings. However, there is no testimony to support the finding that the bottler purchased the bottles from Glass Containers Corporation and that the bottle involved in this case was transported to Albuquerque by Southwest Distributing Company. These findings appear to be based on stipulations between defendants and third-party defendants in which plaintiffs did not join. However, we fail to see any prejudicial error against plaintiffs. Plaintiffs were not affected by the unsupported portion of the findings since even if they are eliminated, plaintiffs

still have failed to establish the requisite control in the defendants for applying res ipsa loquitur. Plaintiffs are not entitled to a reversal based upon error which does not affect them and which is harmless to them. Wright v. Brem, 81 N.M. 410, 467 P.2d 736 (Ct.App.1970).

Affirmed.

It is so ordered.

WOOD, C. J., and OMAN, J., Supreme Court, concur.