BARBARA TARARA & another[1] *vs.* DAYTON HUDSON CORPORATION. No. 93-P-187. MARCH 28, 1994. *Negligence,* Automatic door. *Practice, Civil,* Summary judgment.

After being seriously injured by automatic doors which closed on her in the defendant's Lechmere Store in Dedham, the plaintiff brought this action alleging negligence on the part of the defendant. Relying on depositions of the plaintiff and of the manager of a repair company, the defendant moved for summary judgment. It claimed that since there was no evidence that the defendant knew or should have known that its doors were defective, and since the plaintiff did not show that a particular identifiable negligent act of the defendant, rather than some other reason, caused the accident, her claim fails as matter of law. A judge of the Superior Court agreed and granted the motion for summary judgment.

The judge's memorandum is as follows: "After reading the parties' respective submissions, and hearing argument, I conclude that the undisputed facts compel allowance of the motion. Plaintiff used the door in question three times immediately before the incident, each time without any suggestion of malfunction. Moreover, the record contains no evidence of the specific defect which caused the premature closing. Finally, nothing

---

[1]Salvatore Tarara.

in the record supports any inference that defendant knew or should have known that the defect (whatever it was) existed. Without importing into general liability situations concepts of liability without fault, plaintiff cannot succeed. . . ."[2]

We conclude that the defendant's motion for summary judgment should not have been granted. The defendant has not demonstrated by reference to material described in Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974), that the plaintiff "has no reasonable expectation of proving an essential element" of her case. *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 716 (1991). That the defendant did not know of the defect and that there was no indication prior to the incident that the door was defective is not sufficient to demonstrate that there would be no genuine issue of material fact at trial and that the defendant would be entitled to judgment as matter of law. It is possible, for example, that the evidence at trial might show that the breakdown in the control mechanism would probably have been averted by a program of periodic inspections. The defendant, as the moving party, did not show that the plaintiff, who will have the burden of proof at trial, had no reasonable expectation of carrying it. The plaintiff, therefore, was not obliged to present all of her evidence of negligence at the time of the motion for summary judgment. See *Smith* v. *Massimiano*, 414 Mass. 81, 86-87 (1993).

Moreover, even on this record, taking the evidence in the light most favorable to the plaintiff, the party opposing the motion, *Attorney Gen.* v. *Bailey*, 386 Mass. 367, 371, cert. denied, 459 U.S. 970 (1982), we cannot say that there was insufficient evidence to present a jury question. See *Wilson* v. *Honeywell, Inc.*, 409 Mass. 803, 807 (1991). There was evidence that the doors were in the exclusive control and management of the defendant, that each of the two doors weighed seventy-five pounds, that they were seven or eight years old, that the mechanism which regulated the safety beams failed, that the defendant did not purchase a service contract for the maintenance of the doors, that service contracts for such maintenance were available and purchased by other door owners, that the defendant did not have a system of inspection for the doors and did not obtain a user's manual for its employees, and that the only time the repair service was called by the defendant was when there was a breakdown.

A number of courts in similar circumstances have allowed jurors to find negligence in automatic door cases. See, e.g., *Spivey* v. *Super Valu*, 575 So.2d 876, 878-879 (La. Ct. App. 1991) (supermarket); *Trefney* v. *National Super Mkts., Inc.*, 803 S.W. 2d 119, 121-122 (Mo. Ct. App. 1990)

---

[2]The remaining portion of the judge's memorandum stated:

"It may be that the time has come to impose such liability on a defendant who invites the public to use a dangerous item and who is in position, which the individual user is not, to maintain the item in a reasonably safe condition. If the applicable legal principles are to undergo such a change, however, the decision should not come at the trial court level."

(supermarket); *Brown* v. *Scrivner, Inc.*, 241 Neb. 286, 290 (1992) (grocery store). See also *Rose* v. *Port of New York Authy.*, 61 N.J. 129, 132-137 (1972) (airport); *McDonald* v. *Aliquippa Hosp.*, 414 Pa. Super. 317 (1992) (hospital). Contra *Johnston* v. *Grand Union Co.*, 189 Ga. App. 270, 270-271 (1988) (store had recently had doors inspected); *Hisey* v. *Cashway Supermarkets, Inc.*, 77 N.M. 638, 640 (1967). In any event, we conclude that the matter should be decided on a fuller record.

The judgment for the defendant is reversed and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*

*Stanley H. Cooper* for the plaintiffs.
*Kenneth A. Latronico* for the defendant.