JUANITA MADDEN, Plaintiff-Appellee v. CAROLINA DOOR CONTROLS, INC.,
Defendant-Appellant

No. 9328SC1302

(Filed 15 November 1994)

### 1. Negligence § 151 (NCI4th)— automatic door—res ipsa loquitur—evidence sufficient

The trial court did not err by denying defendant Carolina Door's motions for directed verdict and judgment notwithstanding the verdict or new trial where plaintiff was injured when she was knocked to the ground by an automatic door at a supermarket for which defendant Carolina Door Controls had the service contract. All of the evidence, viewed most favorably for the plaintiff, permitted the jury to infer negligence by defendant Carolina in that it is undisputed that plaintiff's injuries were caused by the automatic door when it prematurely closed; the automatic doors do not ordinarily close and knock people down after they have been checked and serviced without some negligent act or omission; defendant Carolina warranted that its servicing and safety checks were performed in such a manner so as to make the automatic doors safe for their ordinary use; defendant Carolina had such control and management of the maintenance of the automatic door that it had superior means for determining the cause of the sudden closure; and the possibility of negligence by the supermarket was eliminated.

Am Jur 2d, Negligence §§ 1819 et seq., 2023 et seq.

### 2. Trial § 546 (NCI4th)— motion for new trial—discretion of trial court—appellate review

An assignment of error to a trial court's denial of a new trial following a negligence action was denied where there was no evidence of any abuse of discretion by the trial court. The trial court's decision on motion for new trial is not reviewable on appeal absent manifest abuse of discretion.

Am Jur 2d, New Trial §§ 549 et seq.

### 3. Appeal and Error § 156 (NCI4th)— instructions—failure to object—no error

Defendant could not assign error to a jury charge in a negligence action where it failed to object to the instructions as given.

Where a party fails to object to jury instructions, it is conclusively presumed that the instructions conformed to the issues submitted and were without legal error. N.C. R. App. P. 10(b)(2).

**Am Jur 2d, Appeal and Error §§ 562 et seq.**

4. **Evidence and Witnesses § 762 (NCI4th)— automatic door—negligence action—lack of guardrails—evidence cumulative and not prejudicial**

There was no prejudicial error in a negligence action arising from an injury suffered in an automatic door where the court admitted testimony concerning the lack of guardrails and that the doors were unsafe and defendant contended that the testimony was unduly prejudicial and led to confusion of issues, but it was evident from the testimony and facts of the case that the door was unsafe. The testimony regarding the lack of guardrails was cumulative and there was no prejudice from its admission. N.C.G.S. § 8C-1, Rule 403.

**Am Jur 2d, Appeal and Error § 806.**

Appeal by defendant from Order entered 2 September 1993 by Judge C. Walter Allen in Buncombe County Superior Court. Heard in the Court of Appeals 15 September 1994.

On 2 February 1990, the plaintiff, Juanita Madden, entered Ingles #5 Supermarket located at 1070 Haywood Road in Asheville, North Carolina. She entered the "IN" door, an automatic door, located on the Haywood Road side of the store. As plaintiff was entering the store, she stepped on a safety mat, which is designed to hold the door in the open position until the immediate area is cleared, when suddenly, and without warning, the door prematurely closed with such force that it knocked her on the ground. As a result, Mrs. Madden sustained severe physical injuries.

On 15 November 1990, Mrs. Madden timely filed a complaint for negligence and damages suffered when she was hit by the automatic door. On 15 January 1991, Defendant, Ingles Markets, Inc. ("Ingles"), answered and denied negligence. On 10 July 1991, Plaintiff moved to have Defendant Carolina Door Controls, Inc. ("Carolina") added as a necessary party to the action. Carolina had a service contract with Ingles to repair the automatic doors at Ingles #5. The service contract was on a per call basis, in which Carolina was only required to perform work on the automatic doors when notified by Ingles. Carolina

did not provide regular, routine maintenance on the doors. On 20 November 1991, the Court ordered Carolina to be added as a necessary party, and on 11 February 1992, plaintiff filed an amended complaint adding Carolina to the negligence action. Subsequently, Carolina answered denying any negligence on its part. Plaintiff later voluntarily dismissed Ingles from the action. The case against Carolina proceeded to trial before Judge C. Walter Allen. Without objection, the trial court instructed the jury on the doctrine of *res ipsa loquitur*. The jury returned a verdict of negligence against defendant Carolina and awarded damages in the amount of $300,000. Defendant Carolina moved to set aside the verdict and to grant a new trial pursuant to Rule 59 of the North Carolina Rules of Civil Procedure and moved for judgment notwithstanding the verdict pursuant to Rule 50(c). On 2 September 1993, Judge Allen, in a written Order, denied all of Carolina's motions. From the Judgment entered on 18 August 1993 and the Order entered 2 September 1993 denying Carolina's motions, Carolina appeals.

*Lindsay and True, by Ronald C. True, for plaintiff-appellee.*

*Tate, Young, Morphis, Bach & Farthing, L.L.P., by Edwin G. Farthing and Paul E. Culpepper, for defendant-appellant.*

ORR, Judge.

**I.**

**[1]** The first issue presented is whether the trial court erred by denying defendant Carolina Door Control, Inc.'s motion for directed verdict and post-trial motions for judgment notwithstanding the verdict or new trial, on the grounds that there was no evidence presented to establish negligence on the part of Defendant Carolina and that the charge on the doctrine of *res ipsa loquitur* was improper under the facts presented.

"Defendant's motions for directed verdict and for judgment notwithstanding the verdict present the same question for review, namely, whether the evidence taken in the light most favorable to plaintiff was sufficient to entitle the plaintiff to have a jury pass on it." *City of Charlotte v. Skidmore, Owings and Merrill, et. al.*, 103 N.C. App. 667, 677, 407 S.E.2d 571, 578 (1991). "All the evidence which supports the claim of the party opposing the motion must be taken as true and considered in the light most favorable to him, giving him the benefit of every reasonable inference which may legitimately be

## MADDEN v. CAROLINA DOOR CONTROLS

[117 N.C. App. 56 (1994)]

drawn therefrom, and with contradictions, conflicts and inconsistencies being resolved in his favor." *Id.* "If there is more than a scintilla of evidence supporting each element of the nonmovant's case, the motion for directed verdict should be denied." *Snead v. Holloman*, 101 N.C. App. 462, 463, 400 S.E.2d 91, 92 (1991). A motion for judgment notwithstanding the verdict is a motion that judgment be entered in accordance with the movant's earlier motion for a directed verdict, notwithstanding the contrary verdict actually returned by the jury, *Summey v. Cauthen*, 283 N.C. 640, 648, 197 S.E.2d 549, 554 (1973), and is technically a renewal of the motion for directed verdict. *Harvey v. Norfolk Southern Railway Company, Inc.*, 60 N.C. App. 554, 555, 229 S.E.2d 664, 665 (1983).

"The doctrine of *res ipsa loquitur* is merely a mode of proof and when applicable it is sufficient to carry the case to the jury on the issue of negligence. However, the burden of proof on such issue remains upon the plaintiff." *Sharp v. Wyse*, 317 N.C. 694, 697, 346 S.E.2d 485, 487 (1986) (quoting *Lea v. Carolina Power and Light Co.*, 246 N.C. 287, 290, 98 S.E.2d 9, 11 (1957)) (citations omitted). "*Res ipsa loquitur* (the thing speaks for itself) simply means that the facts of the occurrence itself *warrant an inference of defendant's negligence, i.e.*, that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking." *Sharp*, 317 N.C. at 697, 346 S.E.2d at 487 (quoting *Kekelis v. Whitin Machine Works*, 273 N.C. 439, 443, 160 S.E.2d 320, 323 (1968)) (citations omitted).

> *Res ipsa loquitur*, in its distinctive sense, permits negligence to be inferred from the physical cause of an accident, without the aid of circumstances pointing to the responsible human cause. Where this rule applies, evidence of the physical cause or causes of the accident is sufficient to carry the case to the jury on the bare question of negligence. But where the rule does not apply, the plaintiff must prove circumstances tending to show some fault or omission or commission on the part of the defendant *in addition to* those which indicate the physical cause of the accident. (Emphasis added.)

*Id.*

Defendant Carolina argues that plaintiff presented no evidence of negligence on the part of Defendant Carolina. On the contrary, the record and trial transcript show that there was ample evidence from which a jury could infer that the defendant was negligent. Plaintiff's evidence tends to show the following: There are two mats used in the

automatic operation of the door at the Ingles market where Mrs. Madden was injured. The outer mat is the approach mat and when stepped on with twenty-five foot pounds of weight, metal contacts within the mat are engaged sending an electrical signal to a motor which causes the door to open. The inner mat is the safety mat and when stepped on with twenty-five foot pounds of weight, an electrical signal is transmitted to the motor by the contacts in that mat. The door is then held open until the person passing through the portal has safely cleared the area. After the area is cleared, the door closes at a controlled rate of speed. The force of the closing spring is regulated through the motor by a control. There is a mechanism built into the control so that the motor acts as a brake and the closing speed is regulated at a smooth, steady rate. In the event the contacts in the safety mat are worn or do not properly engage, the door will close prematurely; however, forty pounds of pressure, such as provided by an hand, arm or elbow, will stop it if the closing regulator is correctly set to industry standards.

Ingles has a contract with defendant to service its automatic doors at various stores in Buncombe County. All service is done on a "per call" basis, and Defendant Carolina warrants to the general public that its servicing is done in a "safe and workmanlike manner."

On 26 January, 1990, defendant's service technician was called to service the "IN" door on the Haywood Road side of Ingles #5 because, as noted on the service report, "the door would not open all the way." At that time, a complete safety check was performed on both the "IN" and "OUT" doors. On 1 February 1990, the same technician returned to repair loose glass in the "OUT" door on the Haywood Road side of the store. Preventive maintenance was again performed on both doors. On 2 February 1990, plaintiff attempted to enter Ingles #5 through the Haywood Road door, when the automatic door prematurely closed, knocking Mrs. Madden down and seriously injuring her.

On 12 February 1990, Mr. Douglas Alderman, a service technician for Defendant Carolina, was called to Ingles to service the "IN" door that knocked Mrs. Madden down located on the Haywood Road side because the door would not hold open. When Mr. Alderman performed a pressure test on the safety mat, he found a less-sensitive spot which caused the door to close. He installed a new mat and threw away the defective one.

That plaintiff's injuries were caused by the automatic "IN" door when it prematurely closed is undisputed. On cross-examination of

**MADDEN v. CAROLINA DOOR CONTROLS**

[117 N.C. App. 56 (1994)]

its own employee, Defendant Carolina's witness testified that if the door is in the process of closing, it can be stopped with a hand, arm or elbow. Thus, if the safety mat fails, the door is apparently still safe because the speed at which the door closes is regulated, and if properly set, the door will stop upon meeting minimal resistance. In the instant case, the door did not stop and Mrs. Madden was seriously injured. Whether it was the defective mat or an improperly set door regulator, or both, that caused the door to prematurely close at such a rate as to knock plaintiff down, the operation and maintenance of the door were in the superior knowledge and management of Defendant Carolina. The mechanism controlling the automatic door is encased in an inaccessible housing above the door, and all of the evidence tends to show that only defendant Carolina was authorized and did in fact service this device.

Thus, all the evidence, viewed most favorably for the plaintiff, permitted the jury to infer negligence on the part of defendant Carolina. The automatic door caused plaintiff's injuries; the automatic doors do not ordinarily close and knock people down after they have been checked and serviced without some negligent action or omission; Defendant Carolina warranted that its servicing and safety checks were performed in such a manner so as to make the automatic doors safe for their ordinary use; Defendant Carolina had such control and management of the maintenance of the automatic door that it had superior means for determining the cause of the sudden closure on Mrs. Madden; and the possibility of negligence on the part of Ingles was eliminated.

[2] Defendant Carolina also argues the trial court erred in denying a new trial on all issues. We disagree. "It is within the discretion of this Court whether to grant a new trial." *City of Charlotte*, 103 N.C. App. at 685, 407 S.E.2d at 582. The trial court's decision on motion for new trial is not reviewable on appeal absent manifest abuse of discretion. *Mumford v. Hutton & Bourbonnais Company*, 47 N.C. App. 440, 445, 267 S.E.2d 511, 514 (1980). There is no evidence of any abuse of discretion in the record before this Court. This assignment is denied.

[3] Finally, Defendant Carolina contends that it was not proper for the trial court to instruct the jury on the doctrine of *res ipsa loquitur* and further that the facts of this case do not invoke the doctrine of *res ipsa loquitur*. We find that this assignment of error is without merit and should be overruled.

MADDEN v. CAROLINA DOOR CONTROLS

[117 N.C. App. 56 (1994)]

Rule 10(b)(2) of the North Carolina Rules of Appellate Procedure provides as follows:

(2) *Jury Instructions; Findings and Conclusions of Judge.* A party may not assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the grounds of his objection; provided, that opportunity was given to the party to make the objection out of the hearing of the jury, and, on request of any party, out of the presence of the jury.

N.C. R. App. P. Rule 10(b)(2) (1994).

Thus, where a party fails to object to jury instructions, "it is conclusively presumed that the instructions conformed to the issues submitted and were without legal error." *Dailey v. Integon General Insurance Corporation,* 75 N.C. App. 387, 399, 331 S.E.2d 148, 156, *review denied,* 314 N.C. 664, 336 S.E.2d 399 (1985). The trial transcript shows that defendant Carolina failed to object to the instructions as given. Therefore, under the provisions of Rule 10(b)(2), it is conclusively presumed that the instructions conformed to the issues presented at trial. Defendant Carolina can not assign as error the charge to the jury on the doctrine of *res ipsa loquitur* or that the instant case is not a *res ipsa* case. We find no error.

## II.

[4] Defendant's second issue presented is whether the trial court erred by allowing evidence concerning the lack of guardrails and the unsafe nature of the doors on the ground that this evidence was unduly prejudicial and lead to confusion of the issue. Defendant Carolina's employee, Mr. Alderman, testified, over counsel's objection, regarding the lack of guardrails at the doors and the unsafe nature of the doors as evidenced by a notation on a service report.

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." N.C. R. Evid. Rule 403 (1994). Whether evidence should be excluded as unduly prejudicial or confusing rests within the sound discretion of the trial court. *State v. Mason,* 315 N.C. 724, 731, 340 S.E.2d 430, 435 (1986). The trial court's ruling in this regard may only be reversed for an abuse of discretion that "was so arbitrary that it could not have been the result of a reasoned decision." *State v. Jones,* 89 N.C. App. 584, 594, 367 S.E.2d

139, 145 (1988). Even if the trial court erred in the admission of the witness' testimony, that error "is not grounds for granting a new trial or for setting aside a verdict unless the admission amounts to the denial of a substantial right." N.C. Gen. Stat. § 1A-1, Rule 61 (1990); *Warren v. City of Asheville*, 74 N.C. App. 402, 409, 328 S.E.2d 859, 864, *review denied*, 314 N.C. 336, 333 S.E.2d 496 (1985).

> The burden is on the appellant not only to show error, but also to enable the Court to see that he was prejudiced and that a different result would have likely ensued had the error not occurred. (Citations omitted.) "The admission of incompetent testimony will not be held prejudicial when its import is abundantly established by other competent testimony, or the testimony is merely cumulative or corroborative. (Citations omitted.)"

*Id.* (quoting *Hasty v. Turner*, 53 N.C. App. 746, 750, 281 S.E.2d 728, 730-31 (1981)).

Mr. Alderman testified that "[e]ach door had one guardrail. It is recommended that each door have two guardrails; one on each side of the safety mat." In response to a question regarding whether Mr. Alderman made any notation about the missing guardrail in his service report, he responded by saying, "I wrote that 'guardrail missing; doors are unsafe.' "

There is sufficient evidence from which a jury can infer negligence on the part of Defendant Carolina with the testimony concerning the lack of guardrails. Moreover, it was evident from the testimony and facts of this case that the door that injured Mrs. Madden was unsafe. Thus, the admission of the testimony regarding the lack of guardrails was cumulative and served only to corroborate competent evidence already before the jury. Defendant Carolina cannot show prejudice, and we hold the admission of the evidence was at most harmless error.

No error.

Judges EAGLES and JOHN concur.