769 So.2d 282 (2000)
KMART CORPORATION
v.
Christine BASSETT.
1971910.
Supreme Court of Alabama.
April 21, 2000.
*283 John M. Milling, Jr., and Doy Leale McCall III of Hill, Hill, Carter, Franco, Cole & Black, P.C., Montgomery, for appellant.
Robert L. Pittman of Beasley, Wilson, Allen, Crow & Methvin, P.C., Montgomery (brief on application for rehearing filed by Jere L. Beasley, Robert L. Pittman, and Scott T. McArdle of Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., Montgomery), for appellee.

On Application for Rehearing
SEE, Justice.
The opinion of November 19, 1999, is withdrawn, and the following opinion is substituted therefor.
Christine Bassett sued Kmart Corporation ("Kmart"), seeking damages for personal injuries she sustained when the automatic entry doors at a Kmart store prematurely closed on her, causing her to fall and break her hip. After the first trial of her claims ended in a mistrial, the jury in a second trial awarded her $289,000 in damages; the trial court entered a judgment on that verdict. Because we hold that the trial court erred in denying Kmart's postverdict motion for a judgment as a matter of law, we reverse and remand.

I.
In January 1995, Christine Bassett, an 83-year-old woman who walked with the aid of a cane, went to a Kmart store in Montgomery. Bassett stepped on a rubber mat outside the store to open the automatic doors. The doors swung open, and she began walking into the store. When she was about one-third of the way onto the rubber safety mat inside the store, the doors began to close. Bassett *284 alleges that one of the doors struck her left hip and caused her to fall. In the fall, Bassett suffered a broken hip. After the accident, the store manager examined the doors. They worked properly and did not need to be repaired.
In January 1996, Bassett sued Kmart,[1] alleging negligent or wanton maintenance or repair. The jury returned a verdict in favor of Kmart. The trial court, however, granted Bassett a new trial because, before the jury entered its deliberations, one of the jurors had gone to the store and had inspected the automatic doors. After the retrial, the court submitted to the jury only Bassett's claims alleging negligent maintenance or negligent repair.[2] The jury returned a verdict in favor of Bassett, awarding her $289,000 in damages. Kmart moved for a judgment as a matter of law or, alternatively, for a new trial or a remittitur. The motion was denied by operation of law, see Rule 59.1, Ala. R. Civ.P., and Kmart appealed.

II.
When reviewing a trial court's denial of a motion for a judgment as a matter of law ("JML"), this Court applies the same standard "used by the trial court in granting or denying the motion[ ] initially." Bussey v. John Deere Co., 531 So.2d 860, 863 (Ala.1988). The denial of a defendant's motion for a JML is proper only when the plaintiff has presented substantial evidence to support each element of the plaintiff's claim. See Glenlakes Realty Co. v. Norwood, 721 So.2d 174, 177 (Ala. 1998). "Substantial evidence" is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870-71 (Ala.1989). In determining whether the nonmoving party presented substantial evidence, this Court, like the trial court, must view all evidence in the light most favorable to the nonmoving party. See Bussey, 531 So.2d at 863.
"It is a well-established rule of law in this state that in order to prove a claim of negligence a plaintiff must establish that the defendant breached a duty owed by the defendant to the plaintiff and that the breach proximately caused injury or damage to the plaintiff." Lowe's Home Centers, Inc. v. Laxson, 655 So.2d 943, 945-46 (Ala.1994). The duty owed by a premises owner to an invitee is also well established:
"The owner of premises owes a duty to business invitees to use reasonable care and diligence to keep the premises in a safe condition, or, if the premises are in a dangerous condition, to give sufficient warning so that, by the use of *285 ordinary care, the danger can be avoided."
Armstrong v. Georgia Marble Co., 575 So.2d 1051, 1053 (Ala.1991). This duty does not, however, convert a premises owner into an insurer of its invitees' safety. See Hose v. Winn-Dixie Montgomery, Inc., 658 So.2d 403, 404 (Ala.1995). Moreover, the mere fact that a business invitee is injured does not create a presumption of negligence on the part of the premises owner. See id. Rather, a premises owner is liable in negligence only if it "fail[s] to use reasonable care in maintaining its premises in a reasonably safe manner." Id.
Thus, in order to defeat Kmart's motion for a judgment as a matter of law on her negligence claim, Bassett had to present substantial evidence indicating that Kmart had failed to use reasonable care to maintain its automatic doors in a reasonably safe condition, Hose, 658 So.2d at 404, and that Kmart's failure proximately caused the doors to malfunction in such a way as to injure her. Bassett, however, did not produce any evidence at trial to indicate what caused the automatic doors to malfunction as she entered the store.
Kmart argues that Bassett failed to make out a prima facie case of negligence because, it argues, she failed to produce substantial evidence indicating that Kmart breached its duty of care to her. She argues that she produced substantial circumstantial evidence indicating that Kmart had negligently maintained the automatic doors. Specifically, she argues that she presented evidence indicating that the company that installed the doors sold maintenance contracts as part of its business; that Kmart had no maintenance contract for the doors; that Kmart had a policy of waiting until the doors needed repair or maintenance before calling someone to work on them; that the Kmart store manager, Doug Stanley, knew that the doors occasionally malfunctioned by failing to work at all; and that without preventive maintenance, automatic doors will malfunction or stop working properly.
However, Bassett's evidence is insufficient to prove a breach of duty, an element of her negligence cause of action. She did not produce substantial evidence indicating that Kmart failed to maintain the automatic doors in a reasonably safe condition or that the maintenance Kmart provided was unreasonable. Bassett impliedly argues that Kmart's failure to have a preventive-maintenance contract was a breach of duty. However, Bassett's own expert, Jack Cherry, the owner of the door company that had installed the automatic doors, testified that he did not try to sell such a contract to Kmart because he did not think Kmart needed one. Cherry also testified that if the doors had been inspected six months before the date of Bassett's fall, that would have been reasonable maintenance on Kmart's part. Bassett's fall occurred slightly less than seven months after the most recent inspection. However, Cherry did not testify that a failure to inspect the doors for a period exceeding six months would have been unreasonable. Hence, Kmart's policy of not contracting with the door company for its preventive-maintenance program, but, instead, waiting until a door needed repair or maintenance and then calling for repairs, standing alone, is not substantial evidence of negligence.[3]
Bassett also argues that she produced evidence that, under the doctrine of res ipsa loquitur, permitted the jury to infer that Kmart had negligently maintained the automatic doors. Specifically, she argues that evidence that the automatic doors closed while she was still standing on the inside mat is sufficient to allow the jury to infer that Kmart was negligent. *286 The trial court agreed with Bassett; it denied Kmart's motions for a judgment as a matter of law and instructed the jury on the doctrine of res ipsa loquitur. Kmart argues that the trial court erred in submitting Bassett's case to the jury under the res ipsa loquitur doctrine because, it argues, Bassett did not satisfy the requirements for applying the doctrine of res ipsa loquitur. Specifically, Kmart argues that Bassett failed to satisfy the second requirement for applying that doctrinethat she did not "foreclose the possibility that [the company that installed the door or another company that sometimes serviced the door] was negligent, that the safety mat itself was inherently defective, or ... that the alleged malfunction could have occurred even in the absence of any negligence." We agree.
The res ipsa loquitur doctrine allows "an inference of negligence where there is no direct evidence of negligence." Ex parte Crabtree Industrial Waste, Inc., 728 So.2d 155, 156 (Ala.1998). For the doctrine to apply, a plaintiff must show that:
"(1) the defendant ... had full management and control of the instrumentality which caused the injury; (2) the circumstances [are] such that according to common knowledge and the experience of mankind the accident could not have happened if those having control of the [instrumentality] had not been negligent; [and] (3) the plaintiff's injury ... resulted from the accident."
Crabtree Industrial Waste, 728 So.2d at 156 (quoting Alabama Power Co. v. Berry, 254 Ala. 228, 236, 48 So.2d 231, 238 (1950), and citing Ward v. Forrester Day Care, Inc., 547 So.2d 410, 411 (Ala.1989), and Khirieh v. State Farm Mut. Auto. Ins. Co., 594 So.2d 1220, 1223 (Ala.1992)). However, "[i]f one can reasonably conclude that the accident could have happened without any negligence on the part of the defendant[], then the res ipsa loquitur presumption does not apply." Crabtree Industrial Waste, Inc., 728 So.2d at 158.
Thus, the issue is whether the malfunctioning of Kmart's automatic doors is something that "according to common knowledge and the experience of mankind... could not have happened if those having control of [the doors] had not been negligent." A court may take judicial notice of certain facts that are within the common knowledge. See Henry v. Butts, 591 So.2d 849 (Ala.1991); City of Birmingham v. Martin, 228 Ala. 318, 153 So. 235 (1934); Tombrello v. State, 431 So.2d 1355 (Ala.Crim.App.1983). Whether a fact is a matter of common knowledge is an issue to be determined by the court. See Henry, 591 So.2d at 852; O'Barr v. Feist, 292 Ala. 440, 296 So.2d 152 (1974); Roberts Const. Co. v. Henry, 265 Ala. 608, 93 So.2d 498 (1957).
Bassett argues, relying on Rose v. Port of New York Authority, 61 N.J. 129, 137, 293 A.2d 371, 375 (1972), that it is common knowledge and the experience of the community that the malfunctioning of an automatic door is "unusual." See also Landmark Hotel & Casino, Inc. v. Moore, 104 Nev. 297, 300, 757 P.2d 361, 363-64 (1988) (citing Rose); Brown v. Scrivner, Inc., 241 Neb. 286, 290, 488 N.W.2d 17, 19 (1992) (citing Rose). In Rose, the New Jersey court held that evidence indicating that an automatic door malfunctioned is sufficient to allow the trier of fact to infer, under the doctrine of res ipsa loquitur, that the premises owner was negligent. The New Jersey court reasoned that because "[w]hat happened to the plaintiff [was] ... unusual and not commonplace[,] [i]t strongly suggest[ed] a malfunction which in turn suggest[ed] neglect." 61 N.J. at 136-37, 293 A.2d at 375.[4]
*287 We find the New Jersey court's reasoning unpersuasive.[5] The New Jersey court inferred negligence on the part of the premises owner from the inference of the door's malfunction. Such reasoning violates Alabama's rule against deriving an inference from another inference. "`[A]n inference cannot be derived from another inference.' An inference must be based on a known or proved fact." Khirieh v. State Farm Mut. Auto. Ins. Co., 594 So.2d 1220, 1224 (quoting Malone Freight Lines, Inc. v. McCardle, 277 Ala. 100, 167 So.2d 274 (1964)). Even if the door's malfunction were proved by direct evidence (and, thus, was not an inference), a mere malfunction would be insufficient to invoke the doctrine of res ipsa loquitur under Alabama law, because "one can reasonably conclude that the accident could have happened without any negligence on the part of the defendant[]." Crabtree Industrial Waste, Inc., 728 So.2d at 158.
For example, the malfunction could have occurred because the doors were defective or because the company that serviced the doors had been negligent. Also, "mechanical devices, such as [the automatic doors] here involved, get out of working order, and sometimes become dangerous and cause injury without negligence on the part of anyone." Darlington Corp. v. Finch, 113 Ga.App. 825, 827 149 S.E.2d 861, 862 (1966) (holding that the doctrine of res ipsa loquitur did not apply to allow, from the fact that automatic elevator doors closed on an invitee, the inference that the building owner was negligent). Therefore, we do not consider it to be common knowledge that automatic doors cannot malfunction unless the premises owner is negligent in maintaining the doors. See Roberts Constr. Co. v. Henry, supra, 265 Ala. 608, 93 So.2d 498.
The doctrine of res ipsa loquitur can still be applied if expert testimony is presented.[6] See W. Page Keeton et al., Prosser and Keeton on the Law of Torts, § 39, at 247 (5th ed. 1984) (stating that "[e]ven where such a basis of common knowledge is lacking, ... expert testimony may provide a sufficient foundation" for the inference of negligence). Therefore, we must consider whether Bassett produced sufficient expert testimony indicating that Kmart's automatic doors could not have malfunctioned unless Kmart had failed to use reasonable care to keep its automatic doors in a safe condition.
Jack Cherry testified by deposition that, "without preventive maintenance, eventually the doors are going to malfunction or stop working properly." That is the extent of Cherry's testimony as to the circumstances in which automatic doors malfunction. That testimony is insufficient to show that automatic doors cannot malfunction unless the premises owner fails to use reasonable care to keep them in a safe condition. Therefore, Bassett did not satisfy *288 the second requirement for applying the doctrine of res ipsa loquitur, because she did not show that "according to common knowledge and the experience of mankind [or according to expert testimony] the accident could not have happened" absent Kmart's failure to "use reasonable care in maintaining its premises in a reasonably safe manner." Hose, 658 So.2d at 404.[7]

III.
We conclude that the doctrine of res ipsa loquitur does not apply to the facts of this case. Because Bassett did not produce substantial evidence indicating that Kmart breached its duty to her, the trial court erred in denying Kmart's motion for a judgment as a matter of law.
OPINION OF NOVEMBER 19, 1999, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; REVERSED AND REMANDED.
HOUSTON, LYONS, BROWN, and JOHNSTONE, JJ., concur.
HOOPER, C.J., and MADDOX, COOK, and ENGLAND, JJ., dissent.
HOOPER, Chief Justice (dissenting).
I must respectfully dissent. I believe the doctrine of res ipsa loquitur applies in this case. I also believe Ms. Bassett produced sufficient evidence of Kmart's negligence to support the jury's finding.
The majority of jurisdictions faced with cases like this one have decided that the doctrine of res ipsa loquitur applies to automatic-door malfunctions. However, this Court has chosen to follow the reasoning of the minority of courts holding that the doctrine does not apply. I believe today's holding departs from the traditional view of res ipsa loquitur and runs counter to the rationale behind the development of that doctrine.
Alabama Power Co. v. Berry, 254 Ala. 228, 48 So.2d 231 (1950), is the most frequently cited Alabama case on the doctrine of res ipsa loquitur. In that case, the Court stated:
"The function of the doctrine is to supply a fact which must have existed in the causal chain stretching from the act or omission of the defendant to the injury suffered by the plaintiff, but which the plaintiff, because of circumstances *289 surrounding the causal chain, cannot know and cannot prove to have actually existed. The missing fact is that the defendant was negligent. The rationale of the theory, in part, is that [the] defendant in charge of the instrumentality which caused the injury is possessed of superior knowledge and by reason thereof is better advantaged than [the] plaintiff to know the true cause and therefore, negligence is presumed and the burden is upon the defendant to adduce proof to overcome the presumption."
254 Ala. at 236, 48 So.2d at 238. The doctrine of res ipsa loquitur should apply to this case.
The Restatement (Second) of Torts, § 328 D, Cmt. e (1965), suggests: "The plaintiff need not ... conclusively exclude all other possible explanations.... It is enough that the facts proved reasonably permit the conclusion that negligence is the more probable explanation...." Members of the public routinely use automatic doors without sustaining injury. Ms. Bassett should not have to prove that automatic doors cannot malfunction in the absence of negligence; she should have only to present facts that would permit the jury to conclude that negligence was the more probable explanation. In this case, the jury could reasonably conclude that the closing of the automatic door on Ms. Bassett was the kind of sudden, unusual malfunction that would not normally occur in the absence of negligence.
In addition, Ms. Bassett should not be required to disprove all other possible reasons for the malfunction, as the majority suggests. I agree with the rationale of the Supreme Court of Nebraska:
"`The plaintiff is not required to eliminate with certainty all other possible causes or inferences, which would mean that the plaintiff must prove a civil case beyond a reasonable doubt. All that is needed is evidence from which reasonable persons can say that on the whole it is more likely that there was negligence associated with the cause of the event than that there was not. It is enough that the court cannot say that the jury could not reasonably come to that conclusion.'"
Brown v. Scrivner, Inc., 241 Neb. 286, 289, 488 N.W.2d 17, 19 (1992) (quoting Anderson v. Service Merchandise Co., 240 Neb. 873, 880, 485 N.W.2d 170, 176 (1992)).
Kmart admitted that it was responsible for the maintenance and operation of the doors. It is common knowledge that automatic doors do not normally close on people; this common knowledge suggests negligence on the part of the entity in control of the doors, Kmart. Ms. Bassett's injury resulted from the accident. Therefore, the question whether the doctrine of res ipsa loquitur was to be applied was properly submitted to the jury.
In addition, Ms. Bassett presented sufficient evidence to support the jury's verdict finding Kmart negligent in maintaining its automatic doors. A judgment as a matter of law is properly entered only when "`"there is a complete absence of proof on a material issue or where there are no controverted questions of fact on which reasonable people could differ."'" Griggs v. Finley, 565 So.2d 154, 159 (Ala.1990) (quoting earlier cases). A motion for a judgment as a matter of law should be denied when "the nonmoving party has produced substantial evidence to support each element of his claim." Cessna Aircraft Co. v. Trzcinski, 682 So.2d 17, 19 (Ala.1996). "Substantial evidence" is defined as "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
The fact that this Court is divided on the issue whether Ms. Bassett provided sufficient evidence of negligence shows that questions of fact existed upon which reasonable people could differ. I consider *290 myself and the other members of this Court to be fair-minded persons. I also feel that it is reasonable to infer that Kmart Corporation breached its duty to its customers by not conducting preventive maintenance on its automatic doors. The evidence indicated, without dispute, that Kmart's policy was to call for service on its automatic doors only when they malfunctioned. Kmart never had a service contract on its automatic doors, nor did it ever have any preventive-maintenance work done on the doors. It seems to me that reasonable care would require some sort of preventive maintenance to ensure that the doors functioned properly, especially given the evidence of malfunctions in the past. Even if there had been no prior malfunctions of the kind that caused Ms. Bassett's fall, Kmart knew, or should have known, that automatic doors are mechanical objects that, without preventive maintenance, will malfunction or stop working properly.
The majority emphasizes the fact that the automatic doors had been inspected slightly less than seven months before Ms. Bassett's accident occurred and the fact that Jack Cherry, the owner of Columbus Automatic Door, Inc., testified that having an inspection of the doors at some point within six months prior to the accident would have been reasonable maintenance. However, Mr. Cherry also testified that his company provides maintenance-service contracts on the doors it installs and that under these contracts his company would normally check the doors three times a year. Mr. Cherry testified that these service contracts provide preventive maintenance that makes the doors work better. The jury could have reasonably inferred from Mr. Cherry's testimony that Kmart should have had preventive-maintenance checks on its automatic doors every four months, despite the fact that Mr. Cherry thought it not unreasonable that the doors had most recently been checked at a time six months before Ms. Bassett's accident occurred. In reviewing an order denying a motion for a judgment as a matter of law, we "must entertain such reasonable inferences as the jury would have been free to draw." Motion Indus., Inc. v. Pate, 678 So.2d 724, 726 (Ala.1996).
Mr. Cherry stated on cross-examination that he did not think Kmart needed a maintenance contract, because, he said, the doors of the Kmart store would not deteriorate as fast as the doors at a grocery store would. Again, I believe I am a fair-minded person, and I disagree with Mr. Cherry's opinion. This accident took place shortly after the Christmas shopping season, and it is reasonable to expect that during that time of the year automatic doors would undergo a significant amount of deterioration. Mr. Cherry did not base his opinion (that Kmart did not need a maintenance contract) on an actual examination of Kmart's automatic doors.
Furthermore, the jury is not bound by Mr. Cherry's testimony and is free to conclude for itself whether it was reasonable for Kmart not to have regular maintenance performed on its automatic doors. "[O]pinion testimony of an expert witness is binding upon a jury only when it concerns a subject exclusively within the knowledge of experts and the testimony is uncontroverted." Allen v. Turpin, 533 So.2d 515, 517 (Ala.1988). Whether Kmart was negligent is precisely the issue the jury was to determine; therefore, that issue obviously did not concern a subject exclusively within the knowledge of experts. The uncontroverted evidence indicating that Kmart never had a maintenance contract for its automatic doors and never serviced the doors until they mal-functioned is sufficient for a reasonable person to conclude that Kmart was negligent in maintaining its automatic doors. Therefore, Kmart was not entitled to a judgment as a matter of law.
The jury obviously found enough evidence of negligence to hold Kmart liable for Ms. Bassett's injuries. The verdict of a jury is presumed to be correct. King v. W.A. Brown & Sons, Inc., 585 So.2d 10 (Ala.1991). "A judgment based upon a *291 jury verdict and sustained by the denial of a post-judgment motion for a new trial will not be reversed unless it is plainly and palpably wrong and unjust." Motion Indus., Inc. v. Pate, 678 So.2d 724, 732 (Ala. 1996). The jury could have reasonably concluded that Kmart was negligent in failing to periodically service its automatic doors.
For these reasons, I would grant the plaintiffs application for rehearing and would affirm the judgment of the trial court.
MADDOX and ENGLAND, JJ., concur.
COOK, Justice (dissenting).
I respectfully dissent. The doctrine of res ipsa loquitur is entirely proper in sliding-door cases. In Khirieh v. State Farm Mutual Automobile Insurance Co., 594 So.2d 1220, 1223 (Ala.1992), this Court said:
"[The doctrine] allows one, under certain circumstances, to infer negligence from the surrounding facts, in instances where the precise and exact cause of an injury is unknown or unknowable.
"`Proof of negligence requires the establishment of a duty and a breach thereof that proximately caused damage to the plaintiff. Mere proof that an accident and an injury occurred is generally insufficient to establish negligence. However, in limited circumstances, a jury will be allowed to infer negligence if the doctrine of res ipsa loquitur is deemed applicable.
". . . .
"The elements of res ipsa loquitur are generally stated as:
"`(1) [T]he defendant must have had full management and control of the instrumentality which caused the injury; (2) the circumstances must be such that according to common knowledge and the experience of mankind the accident could not have happened if those having control of the management had not been negligent; (3) the plaintiff's injury must have resulted from the accident.'"
(Citations omitted.)
The plaintiff was knocked down and injured while walking through the sliding doors of a Kmart store. There is little, if any, dispute that the doors malfunctioned. However, there was no evidence as to what caused the malfunction. The trial judge instructed the jury on the doctrine of res ipsa loquitur, and the jury returned a verdict in favor of the plaintiff for $289,000. The majority reverses, holding that the doctrine does not apply in sliding-door cases.
The main opinion acknowledges, however, that a number of jurisdictions have held otherwise. See, e.g., Rose v. Port of New York Authority, 61 N.J. 129, 293 A.2d 371 (1972). There were two problems of proof in that case. First, the plaintiff was knocked unconscious in the doorway and had no definite knowledge of what had hit him. Second, assuming that the sliding door had hit him, he was unable to show why. The trial court entered a judgment on a jury verdict for the plaintiff in the amount of $12,000.
The New Jersey Supreme Court concluded that "it was [not] necessary for the plaintiff, in order to present a prima facie case, to prove more than he did." 61 N.J. at 136-37, 293 A.2d at 375. It explained:
"Whether we refer to this as the rule of res ipsa loquitur or simply say that the circumstances are such as to give rise to an inference that defendant was negligent, is perhaps no great matter. Here the occurrence bespeaks negligence. Members of the public passing through automatic doors, whether in an airport, office building or supermarket do so generally without sustaining injury. What happened to the plaintiff here is fortunately unusual and not commonplace. It strongly suggests a malfunction which in turn suggests neglect.
"... [W]here `... on the total scene it is fairly probable that the operator is *292 responsible either in creating the hazard or permitting it to arise or to continue, it would be unjust to saddle the plaintiff with the burden of isolating the precise failure. The situation being peculiarly in the defendant's hands, it is fair to call upon the defendant to explain, if he wishes to avoid an inference by the trier of the facts that the fault probably was his.' That the door did not function properly seems highly probable, but it should not be the burden of the plaintiff to come forward with proofs as to the precise nature of the probable malfunction. His expert witness did suggest several things that might have gone wrong; he was hardly in a position to pinpoint the actual operational failure that did occur. Such a task might very likely be insuperable. Under such circumstances it is fair to call upon the defendant for an explanation."

Id. (Emphasis added.) (Citations omitted.) See also Brewster v. United States, 542 N.W.2d 524 (Iowa 1996); Tarara v. Dayton Hudson Corp., 36 Mass.App.Ct. 942, 629 N.E.2d 1352 (1994); Landmark Hotel & Casino, Inc. v. Moore, 104 Nev. 297, 757 P.2d 361 (1988); Madden v. Carolina Door Controls, Inc., 117 N.C.App. 56, 449 S.E.2d 769 (1994).
In this case, Kmart was the only entity in control of the instrument. It did not even have a maintenance contract with anyone to service its doors. If a plaintiff cannot use the doctrine of res ipsa loquitur in such cases as suggested in Rose, a premises owner has no incentive to maintain doors so as to prevent a malfunction and injury to the public. For these reasons, I dissent.
NOTES
[1] Bassett also sued the company that had installed the automatic doors. Bassett, however, later dismissed the door company, and her claims against that company are not before this Court.
[2] It is not clear from the record when Bassett's wantonness claims were dismissed; however, she did not request a jury instruction on wantonness, and the trial court did not give one. In her application for a rehearing, Bassett argues that this Court should affirm the trial court's judgment because, she argues, she presented substantial evidence to support a verdict in her favor on her claim of negligent failure to warn. Bassett raises this argument for the first time on her application for rehearing. Bassett did not assert that theory of recovery in her complaint, and it was not tried below or submitted to the jury. It is well established that this Court will not consider a case on a theory different from that on which it was tried below. See Weston v. Weston, 269 Ala. 595, 599, 114 So.2d 898, 900 (1959); Auto-Owners Ins. Co. v. Stokes, 284 Ala. 537, 544, 226 So.2d 320, 326 (1969); Smiths Water Auth. v. City of Phenix City, 436 So.2d 827, 830-31 (Ala.1983); see also Union Springs Tel. Co. v. Green, 285 Ala. 114, 117, 229 So.2d 503, 505 (1969) ("Parties are restricted on appeal to the theory on which the case is prosecuted or defended in the court below, and where both parties act upon a particular theory of the cause of action, ... they will not be permitted to depart therefrom when the case is presented for appellate review.").
[3] This case would be quite different if Cherry had been asked about, and had described, a point beyond which Kmart's failure to inspect the doors would have been unreasonable maintenance and if that period had elapsed before Bassett's accident occurred; however, that case is not before us.
[4] In support of its conclusion that the doctrine of res ipsa loquitur applied, the Rose court cited a previous New Jersey slip-and-fall case in which the doctrine of res ipsa loquitur had been held to apply. See Rose, 61 N.J. at 137, 293 A.2d at 375 (citing Wollerman v. Grand Union Stores, Inc., 47 N.J. 426, 221 A.2d 513 (1966). In contrast, this Court has consistently held that, under Alabama law, the doctrine of res ipsa loquitur is not applicable in slip-and-fall cases. See, e.g., Ex parte Mountain Top Indoor Flea Market, Inc., 699 So.2d 158 (Ala.1997); Riverview Reg'l Med. Ctr., Inc. v. Williams, 667 So.2d 46 (Ala. 1995); Howard v. Bruno's, Inc., 567 So.2d 257 (Ala.1990); Brown v. Autry Greer & Sons, Inc., 551 So.2d 1049 (Ala.1989); Ex parte Travis, 414 So.2d 956 (Ala.1982); Tice v. Tice, 361 So.2d 1051, 1052 (Ala.1978); Foodtown Stores, Inc. v. Patterson, 282 Ala. 477, 213 So.2d 211 (1968).
[5] The other cases on which Bassett relies follow Rose, and we find them equally unpersuasive. See Brewster v. United States, 542 N.W.2d 524 (Iowa 1996); Tarara v. Dayton Hudson Corp., 36 Mass.App. 942, 629 N.E.2d 1352 (1994); Landmark Hotel & Casino, Inc. v. Moore, 104 Nev. 297, 757 P.2d 361 (1988). We note that in Madden v. Carolina Door Controls, Inc., 117 N.C.App. 56, 449 S.E.2d 769 (1994), on which Bassett also relies, the Court of Appeals of North Carolina refused to consider whether the trial court correctly instructed the jury on the res ipsa loquitur doctrine, because at trial the defendant did not object to the instruction. 117 N.C.App. at 58, 449 S.E.2d at 770-71.
[6] Indeed, "this court [has] held that it is error to admit expert opinion evidence on `a matter of common knowledge.'" Roberts Constr. Co. v. Henry, 265 Ala. at 618, 93 So.2d at 507.
[7] Our conclusion that the doctrine of res ipsa loquitur does not apply in this case is in accord with the holdings of the Supreme Court of New Mexico and the Court of Appeals of Georgia in similar automatic-door cases. See Hisev v. Cashway Supermarkets, Inc., 77 N.M. 638, 426 P.2d 784 (N.M.1967); Johnston v. Grand Union Co., 189 Ga.App. 270, 375 S.E.2d 249 (1988). In Hisey, the Supreme Court of New Mexico held that the doctrine of res ipsa loquitur did not apply to permit the trier of fact to infer negligence on the part of a supermarket operator from the fact that its automatic doors malfunctioned by suddenly closing and striking a store patron. 77 N.M. at 640, 426 P.2d at 786. The Court reasoned that "[t]he absence of any evidence, or reasonable inference to be drawn from evidence that this accident is the kind which ordinarily does not occur in the absence of the negligence of someone alone defeats the application of the doctrine of res ipsa loquitur." Id. Furthermore, "[t]he fact that the door had been operating properly before the accident and that it thereafter operated normally without any repairs being required clearly fails to sustain an inference that the isolated malfunction would not have occurred but for the defendant's negligence." Id. In Johnston, the Court of Appeals of Georgia held that "[t]he solitary fact that [the store's automatic doors] closed unexpectedly on the plaintiff on one occasion, for no reason that has been ascertained, does not constitute any evidence from which it can be inferred that the store knew or should have known the doors might close unexpectedly." 189 Ga. App. at 270, 375 S.E.2d at 250. Furthermore, in Johnston, there was "no evidence the store was negligent by any failure to inspect the doors or keep them in repair." Id.

The facts in the present case are quite similar to those in Hisey and Johnston. In both of those cases, automatic doors malfunctioned by closing prematurely. In both of those cases, the doors worked properly after the isolated malfunction and did not need to be repaired. In neither case did the plaintiff produce evidence indicating that the defendant had breached its duty of care to the store patron.