I respectfully dissent. I would not require the plaintiff, Frazier Manning, to prove that the boxes fell because of negligence. First, considering the circumstances of the case, it is unlikely that the plaintiff could prove that. Once the boxes have fallen, how would Manning prove that they were stacked negligently? The only way I know is for an employee of Wal-Mart, if you could find the employee who stacked these particular boxes, to come forward and say, "We stacked the boxes so that they would fall." Any employee who admitted to stacking these particular boxes would probably testify that he stacked the boxes as he normally stacked boxes. How does a plaintiff prove negligence with that kind of testimony?
Second, I consider my dissent in Kmart Corp. v. Bassett,769 So.2d 282 (Ala. 2000), to apply to this case also. As I said in that case, "[the defendant premises owner] was theonly entity in control of the instrument." Therefore, the doctrine of res ipsa loquitur should have been held applicable. Wal-Mart was in sole control of the boxes and the manner in which they were stacked. Wal-Mart had knowledge superior to that of Manning on the question whether the stacked boxes were a dangerous instrumentality. Unless the law requires some accountability on the part of entities such as Wal-Mart in this case and *Page 120 
Kmart in the Bassett case, what incentive do they have to maintain safe premises, whether by using a system of stacking boxes that avoids injuries to people like Frazier Manning or by keeping automatic doors in good condition so as to avoid injuries to people like Christine Bassett?