KIM C. BROWN, APPELLANT, V. SCRIVNER, INC., DOING BUSINESS
AS FOOD 4 LESS, STORE NO. 2152, APPELLEE.

488 N.W.2d 17

Filed August 21, 1992.    No. S-89-1395.

Dennis P. Crawford, of Friedman Law Offices, for appellant.

Donald R. Witt and Michael A. England, of Baylor, Evnen, Curtiss, Grimit & Witt, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

Kim C. Brown claims she was unexpectedly struck twice by an automatic door at a Scrivner, Inc.'s Food 4 Less grocery store in Lincoln. She claims she was injured. In her second amended petition for damages, Brown alleged that the doctrine of res ipsa loquitur applied to her cause of action.

The district court for Lancaster County entered a summary judgment denying Brown relief and dismissing her lawsuit because "the doctrine of res ipsa loquitur is not applicable to the undisputed facts in this case."

We reverse the ruling of the district court and remand the cause for further proceedings.

> " 'A summary judgment is properly granted when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue concerning any material fact or the ultimate inferences deducible from such fact or facts and that the moving party is entitled to judgment as a matter of law. . . . In appellate review of a summary judgment, the court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. . . .' "

*Anderson v. Service Merchandise Co.*, 240 Neb. 873, 878, 485 N.W.2d 170, 174-75 (1992).

Viewed in a light most favorable to Brown, the evidence reflects that on April 29, 1986, Brown, a customer at the Food 4 Less store, was leaving the grocery store with a bag of groceries

in one arm and a bag of ice in the other. Brown testified in her deposition that she stepped on the mat which activated an electrically operated exit door. She passed through the door and was on about the last one-fourth of the mat when the door slammed shut, striking her left shoulder and elbow. Brown testified that as she struggled to maintain her grip on the bag of groceries she was carrying, the door opened, bounced off a metal guardrail, and hit her a second time. Brown's husband, who was waiting in their parked car, did not see the door hit Brown the first time, but witnessed it strike her the second time.

Brown testified that she did not report the incident to store personnel until the following day, before she went to the hospital. She was eventually diagnosed as suffering from thoracic outlet syndrome, for which surgery was performed in February 1987.

In her second amended petition, based on the doctrine of res ipsa loquitur, Brown alleged, in part, that Scrivner was in exclusive control of the automatic door that allegedly injured her and that "[i]n the normal course of events, and but for some negligent act or omission on the part of defendant, its agents or employees, the door would have remained opened for a sufficient length of time to have permitted plaintiff to go through it, and the door would not have suddenly closed and struck plaintiff."

In its answer and motion for summary judgment, Scrivner claimed, and the trial court held, that the doctrine of res ipsa loquitur was not available under Nebraska law. Brown assigns as error this finding of the district court.

In *Anderson v. Service Merchandise Co.*, 240 Neb. at 879, 485 N.W.2d at 175, we explained the application of the doctrine of res ipsa loquitur as follows:

"[W]hen an instrumentality under the exclusive control and management of the alleged wrongdoer produces an occurrence which would not, in the ordinary course of things, come to pass in the absence of the negligence of the one having such management and control, the occurrence itself, in the absence of explanation by the alleged wrongdoer, affords evidence that the occurrence arose as the result of the alleged wrongdoer's negligence. . . ."

(Citations omitted.)

Scrivner claims that the doctrine of res ipsa loquitur is not applicable in this case because Brown did not prove that an automatic door cannot malfunction in the absence of negligence on the part of the store owner. No such burden rests upon a plaintiff relying upon the doctrine of res ipsa loquitur.

Regarding res ipsa loquitur,

> "[t]he requirement that the occurrence be one which ordinarily does not happen without negligence is of course only another way of stating an obvious principle of circumstantial evidence: that the event must be such that in the light of ordinary experience it gives rise to an inference that someone must have been negligent."

*Anderson v. Service Merchandise Co.*, 240 Neb. at 880, 485 N.W.2d at 175 (quoting Prosser and Keeton on the Law of Torts, *Circumstantial Evidence—Res Ipsa Loquitur* § 39 (5th ed. 1984)).

> The plaintiff is not required to eliminate with certainty all other possible causes or inferences, which would mean that the plaintiff must prove a civil case beyond a reasonable doubt. All that is needed is evidence from which reasonable persons can say that on the whole it is more likely that there was negligence associated with the cause of the event than that there was not. It is enough that the court cannot say that the jury could not reasonably come to that conclusion. Where no such balance of probabilities in favor of negligence can reasonably be found, res ipsa loquitur does not apply.

*Anderson v. Service Merchandise Co.*, 240 Neb. at 880, 485 N.W.2d at 176.

In the depositions of Brown and of the store manager, there was evidence to suggest that the doors were not regularly inspected and that on windy days, such as on the day Brown was injured, the store sometimes had trouble with the doors and would lock them in an open position, but this was not done at the time that Brown was injured. The introduction of such evidence does not defeat the application of the doctrine of res ipsa loquitur. This court has cited a discussion of the doctrine contained in *McAnany v. Shipley*, 189 Mo. App. 396, 176 S.W.

1079 (1915), in which

> the court reasoned that while the doctrine [res ipsa loquitur] is unavailable where the *precise* cause is shown, the plaintiff does not lose the benefit of the doctrine by introducing evidence of specific acts of negligence, where the evidence leaves the cause of the accident in doubt or does not clearly show the cause.

(Emphasis in original.) *Beatty v. Davis*, 224 Neb. 663, 666, 400 N.W.2d 850, 852 (1987). The doctrine is applicable only where the plaintiff is unable to allege or prove the particular act of negligence which caused the injury. *Maly v. Arbor Manor, Inc.*, 225 Neb. 276, 404 N.W.2d 419 (1987). Because Brown was unable to allege or prove the particular act of negligence which caused the injury, she does not lose the benefit of the doctrine.

The store manager stated that he had no idea how the accident happened and that he knew of no similar accidents involving the automatic doors. He testified that the door was not supposed to do what it did to Brown.

Res ipsa loquitur is not a matter of substantive law, but, as a form of circumstantial evidence, is a procedural matter. *Anderson v. Service Merchandise Co., supra.* Consequently, if res ipsa loquitur applies, an inference of a defendant's negligence exists for submission to the fact finder, which may accept or reject the inference in the factual determination whether the defendant is negligent. *Id.*

Automatic doors do not, in the ordinary course of things, cause injury to those who pass through them. See, *Landmark Hotel v. Moore*, 104 Nev. 297, 757 P.2d 361 (1988); *Rose v. Port of New York Authority*, 61 N.J. 129, 293 A.2d 371 (1972). But see, *Johnston v. Grand Union Co.*, 189 Ga. App. 270, 375 S.E.2d 249 (1988); *Hisey v. Cashway Supermarkets, Inc.*, 77 N.M. 638, 426 P.2d 784 (1967). A reasonable person could conclude that it is more likely than not that there was negligence associated with the automatic door's malfunction.

The decision of the district court to grant summary judgment to Scrivner, Inc., is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.