IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

DAWSON V. HY-VEE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

LINDA DAWSON, APPELLANT,

V.

HY-VEE, INC., APPELLEE.

Filed January 29, 2019.    No. A-17-1294.

Appeal from the District Court for Douglas County: JAMES T. GLEASON, Judge. Affirmed.

Michael J. Mullen for appellant.

Daniel J. Welch and Damien J. Wright, of Welch Law Firm, P.C., for appellee.

MOORE, Chief Judge, and PIRTLE and ARTERBURN, Judges.

MOORE, Chief Judge.

## INTRODUCTION

Linda Dawson fell while exiting a Hy-Vee, Inc., grocery store through its automatic sliding doors. She filed a complaint against Hy-Vee in the district court for Douglas County, claiming she sustained injuries from the fall for which Hy-Vee was responsible under the doctrines of res ipsa loquitur, negligence, and premises liability. The district court granted Hy-Vee's motion for summary judgment, and Dawson appeals. For the reasons set forth below, we affirm.

## BACKGROUND

After purchasing groceries at a Hy-Vee store on July 7, 2015, Dawson approached the store's east interior automatic sliding doors, which had just opened for two customers. A video recording of the incident showed that Dawson was holding a purse and a grocery bag in her left hand and a cane in her right hand. As she walked, she was looking at the floor in front of her and speaking on a cell phone that she held between her right ear and right shoulder. Dawson attempted

- 1 -

to quickly pass through the doors' far right side as they were closing. The right sliding door came into contact with her, causing her to lose her balance and fall to the floor. The doors immediately reopened.

Dawson filed a complaint, alleging that as a result of her fall, she sustained permanent injuries to her head, eye, neck, and back that required medical care and hospitalization. Her complaint set forth a claim under the doctrine of res ipsa loquitur as well as negligence and premise liability claims. In its answer, Hy-Vee generally denied the balance of Dawson's allegations. Hy-Vee's answer further alleged that Dawson's failure to exercise care, namely her failure to watch the door's movement and her choice to walk into the door while distracted by a cell phone, caused her fall.

Dawson filed a motion for partial summary judgment on the issue of liability. Hy-Vee also filed a motion for summary judgment, which alleged that it was entitled to judgment as a matter of law because the evidence on file showed no genuine issue of material fact.

At the hearing on both motions, the district court received into evidence Dawson's deposition testimony; the video recording of the incident; the affidavits and depositions of four Hy-Vee employees, Devon Hartman, Sarah Alex, Gary Knaus, and Joel Allen; and the affidavit of the manager for Hy-Vee's door repair company, Bill Cummings.

Dawson testified in her deposition that she was using a cane on the day of the accident because she had sciatica in her right leg. She admitted to falling often from dizziness. In the year before her encounter with Hy-Vee's sliding door, she had fallen at least three times. Dawson did not feel that talking on a cell phone while using a cane and carrying both a purse and groceries was "a lot."

When Dawson fell, she hit the top left side of her head. An ambulance took her to the hospital where a neurologist told her that she had a brain bleed. Due to her fall, Dawson had ongoing swelling on her head, floaters in her eye, sensitivity to light and sound, and frequent headaches. She also believed that her incident with the sliding door exacerbated her existing back pain. Dawson had not gone outside much since the incident on account of her sensitivity to light and sound. She was also prescribed an antidepressant because she was not leaving her house.

Hartman was the manager of perishables at the Hy-Vee where Dawson fell in July 2015. He was on duty at the time of the incident and was paged to Dawson's location after she fell. Dawson refused Hartman's help after she fell because she wanted to wait for assistance from medical professionals. When Hartman asked her how she ended up on the floor, Dawson explained that the door hit her as she turned through it. Hartman reviewed the video recording of Dawson's fall on the day of the incident. Based on that video, Hartman believed Dawson walked into the door while it was closing. Hartman was not aware of any other incident involving the east interior sliding doors. His inspection of the sliding doors after the incident revealed that they were operating normally and their tracks were clear.

Allen was the director of the Hy-Vee grocery store where Dawson fell in July 2015. He had been in that position for 1½ years before the incident and for more than a year after it. The sliding doors at issue had not hit any other customers in Allen's time as store director. He also explained that the store's east interior sliding doors are activated by motion sensors.

Cummings had been the project manager for Automatic Door Group, a business that sells and services automatic doors, for 35 years. His company performed inspection and service work on the automatic doors with which Dawson collided. The industry standard for the inspection and servicing of automatic doors was the American National Standards Institute A156.10-2011, which was attached to Cummings' affidavit and described the relevant protocols for the safe operation of automatic doors. According to that document, sliding doors that are activated by motion sensors have a minimum activating detection zone that does not include the 5-inch space directly in front of the doors. The detection zone also does not include an 8-inch space directly in front of the far right and left sides of the doorway.

The court also received a copy of Hy-Vee's answers to interrogatories. In response to Dawson's interrogatory asking whether she had made any admission against her interest, Hy-Vee stated that Dawson had admitted her own actions caused her fall: "Plaintiff stated to [Hy-Vee's risk management company] by telephone on July 8, 2015 that she was going out of the door when the door started to close. Plaintiff stated that she thought if she 'pushed with her hand it would go back, but it didn't.'"

The district court granted Hy-Vee's motion for summary judgment and denied Dawson's partial motion for summary judgment. The court stated that it had watched the video of the incident multiple times and that the doors appeared to be working properly at the time of the accident. The court found that "[t]he uncontroverted visual evidence shows Plaintiff stepping into the closing door which thereafter automatically reopened immediately as it was designed to do."

Dawson appeals.

## ASSIGNMENTS OF ERROR

Dawson assigns, consolidated and restated, that the district court erred in granting Hy-Vee's motion for summary judgment on the basis that the record contained no material issue of fact supporting (1) her claim under the doctrine of res ipsa loquitur, (2) her negligence claim, or (3) her premises liability claim.

## STANDARD OF REVIEW

An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *U.S. Specialty Ins. Co. v. D S Avionics*, 301 Neb. 388, 918 N.W.2d 589 (2018). In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted, giving that party the benefit of all reasonable inferences deducible from the evidence. *Cruz v. Lopez*, 301 Neb. 531, 919 N.W.2d 479 (2018).

## ANALYSIS

Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose no genuine issue regarding any material fact or the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Colwell v.*

*Mullen*, 301 Neb. 408, 918 N.W.2d 858 (2018). The party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law. *Apkan v. Life Care Centers of America*, 26 Neb. App. 154, 918 N.W.2d 601 (2018). Once the moving party makes a prima facie case, the burden shifts to the party opposing the motion to produce admissible contradictory evidence showing the existence of a material issue of fact that prevents judgment as a matter of law. *Thompson v. Johnson*, 299 Neb. 819, 910 N.W.2d 800 (2018).

Dawson argues that the district court erred in granting Hy-Vee's motion for summary judgment on her claims under the doctrine of res ipsa loquitur, her negligence claim, and her premises liability claim. As discussed below, we find that Hy-Vee met its burden as to all three claims and that Dawson failed to produce sufficient contradictory evidence. As a result, the district court's entry of summary judgment for Hy-Vee was appropriate.

*Res Ipsa Loquitur.*

Dawson assigns that the district court erred in finding the record presented no issue of material fact regarding her claim under the doctrine of res ipsa loquitur. We disagree.

The doctrine of res ipsa loquitur is an exception to the general rule that negligence cannot be presumed. *McLaughlin Freight Lines v. Gentrup*, 281 Neb. 725, 798 N.W.2d 386 (2011). The essence of res ipsa loquitur is that the facts speak for themselves and lead to a proper inference of negligence by the fact finder without further proof. *Anderson v. Union Pacific RR. Co.*, 295 Neb. 785, 890 N.W.2d 791 (2017). Res ipsa loquitur is a procedural tool that, if applicable, allows an inference of a defendant's negligence to be submitted to the fact finder, where it may be accepted or rejected. *McLaughlin, supra.*

Three elements must be met for res ipsa loquitur to apply: (1) The occurrence must be one that would not, in the ordinary course of things, happen in the absence of negligence; (2) the instrumentality that produces the occurrence must be under the exclusive control and management of the alleged wrongdoer; and (3) there must be an absence of explanation by the alleged wrongdoer. See *id.* The doctrine is applicable only where the plaintiff is unable to allege or prove the particular act of negligence that caused the injury. See *Anderson, supra*. However, the plaintiff does not lose the benefit of the doctrine by introducing evidence of specific acts of negligence when the evidence leaves the cause of the accident in doubt or does not clearly show the cause. See, *Brown v. Scrivener, Inc.*, 241 Neb. 286, 488 N.W.2d 17 (1992); *Beatty v. Davis*, 224 Neb. 663, 400 N.W.2d 850 (1987).

Hy-Vee presented an explanation of what caused Dawson's fall that was supported by the video recording admitted into evidence; that is, Dawson walked into the automatic sliding door as it was closing. The doors immediately reopened after making contact with Dawson, as they were designed to do. In the video, the doors appeared to be functioning properly, which the store management inspection later confirmed. Because the evidence shows that Dawson's attempt to quickly walk through the door at its far right side while it was closing caused her fall, the doctrine of res ipsa loquitur does not apply.

Dawson argues that the Nebraska Supreme Court's decision in *Brown, supra*, demonstrates that she can recover under the doctrine of res ipsa loquitur. The plaintiff in *Brown* claimed that a

grocery store's automatic door injured her. In the plaintiff's deposition, she testified that she stepped on a mat that activated the grocery store's electrically operated swing door. The mat opened the door, and she passed through it. When the plaintiff was on the last fourth of the mat, the door slammed shut and struck her left shoulder and elbow. After the door struck her, the plaintiff struggled to maintain her grip on the items she was carrying. While she adjusted them, the door opened again, bounced off a metal guardrail, and hit her a second time. The store manager suggested in his deposition that the doors were not regularly inspected. On windy days, like the day the plaintiff was injured, the store sometimes had trouble with the doors and would lock them in an open position. The store, however, did not lock the door in an open position on the day the plaintiff was injured. The manager did not know how the accident happened, and he knew of no similar incident with the automatic doors.

The plaintiff in *Brown* alleged that she could recover from the grocery store for her injuries under the doctrine of res ipsa loquitur. The grocery store moved for summary judgment. The district court granted the grocery store's motion, but the Nebraska Supreme Court reversed. The court observed that automatic doors do not ordinarily cause injury to those who pass through them. As a result, the court concluded that under the facts of that particular case, a reasonable person could conclude that it is more likely than not that there was negligence associated with the automatic door's malfunction. *Id.*

We find the present case factually distinguishable from *Brown*. The plaintiff in *Brown* had fully walked through the doorway before the automatic swing door abruptly shut on her, and the record provided no explanation of why the door malfunctioned. Here, the record contains no evidence that Hy-Vee's automatic sliding doors malfunctioned at all or were in any way a dangerous condition. Instead, a video recording shows that Dawson, whose hands were full and who was talking on a cell phone that was propped between her ear and shoulder, approached Hy-Vee's properly functioning automatic sliding doors outside of their detection zone. Looking at the floor, she walked into the doors as they were closing. Her own actions caused her fall. Consequently, the Nebraska Supreme Court's decision in *Brown* does not prohibit summary judgment in this case.

Viewing the evidence in a light most favorable to Dawson, we find the record contains no material issue of fact related to her claim under the doctrine of res ipsa loquitur. Therefore, the district properly granted Hy-Vee's motion for summary judgment as it related to that claim.

*Negligence.*

Dawson assigns that the district court erred in finding the record presented no issue of material fact regarding her negligence claim. In order to recover in a negligence action, a plaintiff must show a legal duty owed by the defendant to the plaintiff, a breach of such duty, causation, and damages. *Cruz v. Lopez*, 301 Neb. 531, 919 N.W.2d 479 (2018). For a court to grant summary judgment to a defendant in a negligence action, the defendant need only prove that there is no issue of material fact as to one of the elements such that the defendant is entitled to judgment as a matter of law. *Apkan v. Life Care Centers of America*, 26 Neb. App. 154, 918 N.W.2d 601 (2018). As we discussed above, Hy-Vee presented evidence showing that its automatic sliding door did not cause Dawson's fall and injuries, and Dawson did not present sufficient evidence to the contrary. Thus,

the record contains no material issue of fact about Dawson's negligence claim, and the district court properly granted Hy-Vee's motion for summary judgment as it related to it.

*Premises Liability.*

Dawson assigns the district court erred in finding the record presented no issue of material fact regarding her premises liability claim. Because the record shows that the sliding door was not a dangerous condition at the time of the accident and that it did not proximately cause Dawson's injuries, we disagree.

Owners and occupiers of land are not insurers of their premises, and have a duty only to exercise reasonable care in the maintenance of their premises for the protection of lawful visitors. *Heins v. Webster County*, 250 Neb. 750, 552 N.W.2d 51 (1996). In premises liability cases, an owner or occupier is subject to liability for injury to a lawful visitor resulting from a condition on the owner or occupier's premises if the lawful visitor proves (1) that the owner or occupier either created the condition, knew of the condition, or by exercise of reasonable care would have discovered the condition; (2) that the owner or occupier should have realized the condition involved an unreasonable risk of harm to the lawful visitor; (3) that the owner or occupier should have expected that the visitor either would not discover or realize the danger or would fail to protect himself or herself against the danger; (4) that the owner or occupier failed to use reasonable care to protect the visitor against the danger; and (5) that the condition was a proximate cause of damage to the visitor. *Thomas v. Kiewit Bldg. Group*, 25 Neb. App. 818, 914 N.W.2d 456 (2018).

The record contains no evidence that Hy-Vee had any reason to believe the sliding door at issue in this case posed an unreasonable risk of harm to a lawful visitor. There was no evidence that there had been any other incidents involving the sliding door. The video recording and deposition testimony confirms that the door was functioning properly at the time of the accident and that it immediately reopened after it came in contact with Dawson. Further, our review of the video recording of the incident reveals that Dawson, who was using her cell phone and holding a cane while carrying a grocery bag and a purse, inattentively walked into the sliding door as it was closing. Dawson also admitted that she placed herself in front of the door while it was closing. Thus, the record does not show that the sliding door proximately caused Dawson's injury.

After reviewing the evidence in a light most favorable to Dawson, we find no material issue of fact related to her premises liability claim. Therefore, the district court appropriately granted Hy-Vee's motion for summary judgment as it relates to that claim.

CONCLUSION

Hy-Vee presented evidence that the automatic sliding doors were operating properly on the day of the incident and that Dawson's fall was caused by her own action in distractedly walking into the doors as they were closing. Dawson did not present sufficient contradictory evidence to show a genuine issue of material fact regarding the condition of the sliding doors or the cause of her fall. Thus, viewing the evidence in a light most favorable to Dawson, we find the district court properly granted Hy-Vee's motion for summary judgment.

AFFIRMED.